[Civ. No. 6007. First Appellate District, Division One.—October 26, 1927.]

HATTIE L. ALKUS, Respondent, v. ARTHUR DAVIES, Appellant.

356

Donahue, Hynes & Hamlin for Appellant.

Ford, Johnson & Bourquin and Phillip M. Carey for Respondent.

PARKER, J., *pro tem.*—This is an appeal from a judgment rendered upon a verdict in favor of the respondent in the sum of five thousand dollars.

The action arose out of an automobile accident wherein plaintiff sustained certain injuries as the result of the alleged negligence of defendant. Such facts as may be necessary to a determination of the appeal will appear hereinafter.

The appellant seeks a reversal of the judgment, and his contentions may be divided into two groups, viz., error in instructions given to the jury, and error in rulings on the admission and rejection of testimony.

The instructions complained of are three in number. The first one reads as follows: ''I instruct you that if an accident occurs in which a person is injured by reason of the negligence of two or more other persons and the negligence of each of said other persons proximately contributed to the accident, then all of such persons are jointly and severally liable for any injuries proximately resulting therefrom if the person who was injured was in the exercise of ordinary care, and the degree of negligence which may be attributed to such persons so guilty of negligence is not to be considered by the jury in arriving at a verdict. In other words, the verdict in such case must be against such persons jointly who are thus guilty of negligence, provided all have been sued as defendants, regardless of the degree of culpability, and if all of such persons so guilty of negligence are not sued jointly but only one of such persons is so sued, then the verdict must be against such person.''

The appellant does not criticise this instruction as a statement of the law in the abstract. He contends that under the facts of this case the instruction was misleading and tended to give to the jury an erroneous idea of the application of the law to the facts involved. He contends further that the instruction was wholly inapplicable to the facts at bar and that the giving thereof was highly prejudicial. Here it becomes necessary to set forth sufficient of the facts to illustrate this contention.

■ At the time of the accident plaintiff was riding in a car driven and operated by her son, Irving Alkus. It was conceded at the trial and the case was tried and argued upon the theory that Irving Alkus, the son, was the servant of plaintiff and under her direct control, and that plaintiff was chargeable with the son's negligence, and that if that negligence contributed proximately to the accident plaintiff

could not recover. At the trial plaintiff strenuously maintained that her car was in its proper place on the highway and carefully and skilfully operated. The defendant as vehemently urged his freedom from negligence. There was on the highway at the time and place of the accident another car operated by one Jacob Hebner and referred to as the Ford. Plaintiff claimed her car was behind the Ford, and upon reaching an intersection the Ford made a turn, and at that time the car of defendant veered to the left around the Ford and struck plaintiff's car. Defendant, on the other hand, contended that plaintiff was driving on the wrong side of the street and on the left of the Ford, and that when the latter turned plaintiff's car came in swiftly behind the Ford and crossed the path of defendant's car, causing the accident. Throughout the trial it was attempted to show that plaintiff had blamed the Ford driver, one Jacob Hebner, who was not made a party to the action. The said Hebner was called as a witness for defendant and admitted his hostility to plaintiff and based that hostility on the fact that plaintiff had declared him responsible for the accident.

Thus sufficient appears to warrant the giving of the instruction. Certainly, throughout the case it was at least inferentially urged that plaintiff had for reasons of her own shifted her claim of responsibility from Hebner to defendant, and it was conceded that in the circumstances surrounding the accident the Ford of Hebner was in some way involved. Therefore, the claim of appellant as to the total inapplicability of the instruction is without merit.

Further, the appellant insists more strongly that, even if applicable, under the facts the instruction was so misleading and confusing as to give the jury an absolutely erroneous idea, and this contention is based upon this argument, namely, that the admitted fact of the case is that plaintiff's car was being driven by her son, Irving Alkus, for whose negligence plaintiff conceded liability. Therefore, appellant argues, the jury were practically told, or at least left with an irresistible impression, that if the negligence of the son Alkus and the defendant jointly caused the accident, then plaintiff could recover from the defendant notwithstanding.

It is a well-established principle of law in this state, and needs no citation of authority to support it, that in considering error in instructions we must take the instructions as a whole, and, if the giving or refusing of any certain instruction might seem at first blush improper or erroneous, consider the remaining instructions given in order that we may determine whether or not any harm resulted from the action of the court, and also whether any apparent confusion of ideas has been removed or whether the subject had been sufficiently covered.

In this examination in the instant case we find that the jury were instructed as follows: ''When the court in these instructions has used or may use the word 'plaintiff' in connection with her duty to use ordinary care, or with reference to any contributory negligence upon her part, you are to understand that it includes also any negligence or want of ordinary care upon the part of her son in the operation of the automobile as his negligence, if any, is to be imputed to plaintiff.'' Also: ''You are instructed that it is an admitted fact in this case that Irving Alkus was driving the automobile in which plaintiff was riding at the time of the accident, and that in so doing he was acting as the agent and servant of the plaintiff. If, therefore, you believe from a preponderance of the evidence that at the time and place of the accident said Irving Alkus was negligent in the manner in which he drove the automobile in which plaintiff was riding, and that said negligence proximately contributed to the injuries complained of by her, then you must return a verdict in favor of defendant regardless of whether you believe that the defendant was also negligent.''

As already stated, throughout the trial it was the accepted theory of the case that the negligence of the son precluded the recovery by plaintiff, and this theory was kept constantly before the jury. We find no error in the giving of the instruction.

The next instruction on which appellant predicates prejudicial error is an instruction which was approved almost word for word in the case of *Meyers* v. *Bradford,* 54 Cal. App. 157 [201 Pac. 471], in which case a rehearing was denied by the supreme court. The same instruction was subsequently adopted and approved by the supreme court in the case of *Rush* v. *Lagomarsino,* 196 Cal. 308 [237 Pac.

1066]. This will suffice the needs of the instant case. We might add that appellant further urges that the instruction is inapplicable here, which we find without merit.

The third and last instruction objectionable to appellant is the precise instruction approved of by the supreme court in the case of *Olsen* v. *Standard Oil Co.,* 188 Cal. 20 [204 Pac. 393]. Appellant directs his criticism to the last sentence in the instruction, with particular reference to that portion referring to the term "satisfactory evidence." Appellant says in his brief: "But the objection which we level at this instruction was never mentioned in the Olsen case. We make no point of the correctness of the presumption therein referred to, or of the fact that this presumption is in itself a species of evidence, but we do energetically object to having the jury told that this presumption must be overcome by *satisfactory evidence.* The vice of the instruction was apparently never raised in the Olsen case."

However, the instruction as a whole having received the approval of the supreme court, we do not feel that it is the function of this court to attempt a minute analysis of each clause, phrase, or word used, or to assume that the supreme court has followed other than its usual course of giving due consideration to every phase of the approved instruction.

We might add that in the instant case the jury were fully instructed as to the burden of proof resting on defendant to prove negligence on the part of plaintiff, and the term "preponderance of evidence" properly explained. It is noted with reference to the last two instructions herein referred to that the appeal in this case was taken directly to the supreme court and the briefs of appellant directed to that court. In the frequently adopted course the case was by that tribunal referred to this court for determination. This is noted in justice to counsel for appellant merely to indicate that his request for a reconsideration of the disputed instructions was made directly to the supreme court, and to negative any inference that counsel is at all unmindful of our judicial system which declares the supreme court to be the court of highest authority. In any event there is still available the opportunity of convincing that court on his contentions.

The remaining points of appellant have to do with the trial court's rulings on the reception of testimony.

The plaintiff, called as a witness in her own behalf, testified on her direct examination that she was injured in the accident; that she was sitting on the back seat and that after the collision she was still in the auto until someone helped her out. The remainder of her testimony covered the injuries received. On cross-examination she was questioned as to the speed of her car over the objection of her counsel. She was then asked this question: "Do you remember a Ford car driving ahead of you as you came south just before the accident?" Plaintiff's counsel interposed an objection on the ground it was not cross-examination, and the objection was sustained by the court on the ground stated.

No useful purpose can be served by an analysis of all of appellant's points. The record here discloses a full inquiry into the facts and the testimony of many witnesses. If appellant desired to examine plaintiff further he could have called her under section 2055 of the Code of Civil Procedure and gone into the case fully. The witness was called for the sole purpose of proving her injuries, and we think that the trial court rightfully restricted her cross-examination to matters testified to on direct examination. The case of *People* v. *Teshara,* 141 Cal. 633 [75 Pac. 338], does not support the appellant in the case at bar. The most that can be conceded under the rule of the Teshara case would be that possibly a contrary ruling by the trial judge here would not have been prejudicially erroneous. Aside from this the case cited applies the doctrine announced to a state of the case not at all similar to the present.

The witness Jacob Hebner, called by defendant, was the driver of the Ford hereinafter mentioned. In the appendix to the brief of appellant he sets forth a portion of the testimony of this witness and certain rulings of the trial court thereon. Nowhere in the briefs is there made any claim of error in this connection, so we assume that appellant has abandoned any point he may have had in mind. However, we have noted the testimony presented and the rulings of

the trial court thereon, and find nothing warranting discussion.

Judgment affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 22, 1927.