[Civ. No. 5038. Second Appellate District, Division Two.—March 9, 1928.]

EMMA BLACKFORD, Respondent, v. E. L. BECK-WORTH, Appellant.

38

Arthur E. Koepsel for Appellant.

Marks, Launer & Collins for Respondent.

HAZLETT, J., *pro tem.*—Plaintiff Emma Blackford is the surviving wife of Lewis Blackford, who died as the result of a basal fracture of the skull and other injuries, resulting from the head-on collision of a motorcycle he was riding with a Dodge truck driven by defendant Beckworth. The collision occurred on February 21, 1923, on the public highway running between Riverside and Anaheim.

Plaintiff sued for $15,922.55 as damages resulting to her by reason of her husband's untimely death, including loss of his earnings and companionship and her disbursements. The case was tried by a jury, and the verdict and judgment thereon went for defendant. Plaintiff moved for a new

trial, which was granted on the grounds that errors of law occurred in the trial, that the evidence was insufficient to justify the verdict and that the verdict was against the law. Defendant appeals.

The evidence introduced by the parties, considered together, shows the following additional facts, without conflict:

The highway was paved with a 16-foot pavement and on its south side at the place of collision the dirt shoulder of the highway was about nine feet wide and suitable to be driven upon. The deceased was traveling easterly and the truck westerly. Immediately preceding the collision defendant was driving the truck following other vehicles, all going slowly because the head vehicle was a gravel wagon drawn by horses. Defendant observed deceased approaching from the west, distant about 400 to 500 feet, and swerved his truck to the south upon the south half of the pavement to pass the other vehicles, whereupon he observed deceased about 100 feet away. He applied his brakes and stopped his truck so that the left front wheel was from two to three feet from the south edge of the pavement. Deceased was traveling near the center of the south half of the pavement; he swerved a little to the north, striking his motorcycle against the front end of the truck and he was thrown to the dirt and injured, as the result of which he died ten days later. Deceased was given the medical treatment usually administered in cases of fractured skulls.

Defendant testified that deceased was traveling at 40 miles or more per hour and plaintiff's witnesses testified that his rate of speed was 25 to 30 miles per hour.

One witness for defendant, over plaintiff's objections, testified that during a period of some months ending about six months before the collision, he observed the deceased twice a day riding his motorcycle on that highway at a place eight miles distant from the place of the collision, and that deceased then traveled there at a speed of 40 to 50 miles per hour. A witness for plaintiff testified that he observed deceased traveling on that highway twice a day for some time immediately preceding the collision, near the place of collision, and that he traveled not more than 25 to 30 miles per hour.

Appellant contends that deceased was negligent and that his negligence contributed proximately to his injuries, that

the court erred in holding that error was committed in admitting evidence of prior habit of deceased in driving his motorcycle at a speed of more than 40 miles per hour, and that the proximate cause of his death was improper and inefficient medical attention between the time of the collision and his death.

■ There is ample evidence in the record indicating lack of due care on the part of defendant in attempting to pass the vehicles in advance of his when he had observed deceased approaching, as he testified, at high speed and only 400 to 500 feet distant upon the narrow pavement, and there is some conflict in the evidence as to whether deceased was negligent, but there is sufficient in the record to justify the court in his determination that the deceased was not guilty of negligence which would prevent recovery by plaintiff.

While appellant's counsel says that the only question in the mind of the trial judge when considering the motion for a new trial was the error of law later discussed in this opinion, yet we are confronted by the ruling which recites another ground also. ■ The other ground is that the evidence was insufficient to justify the verdict. Under these circumstances the granting of a new trial is a matter resting very largely in the discretion of the trial court and its action will not be disturbed unless the record discloses manifest and unmistakable abuse of discretion. Where a reasonable or even a fairly debatable justification under the law for the ruling of the court is shown, the ruling will not be disturbed. These rules have been so often announced that no citation of authorities is necessary. No abuse of discretion is shown.

■ It appears that the trial court did commit error in admitting testimony as to the habit of deceased six months prior to the collision in traveling at a place eight miles distant at a speed greater than 40 miles per hour. The collision occurred very near a turn and a bridge in the road. This testimony does not necessarily indicate that he was accustomed to travel at an excessive speed at the place of collision. He may have continued to travel at high speeds on the straight roads where there was little or no other travel, and if he did, it does not necessarily follow that he continued his high speed where it was not reasonably safe to so travel. This error was sufficient basis for a new trial.

Evidence of previous conduct and habit of the injured person continued up to and at the time of the injury has been admitted when there were no eye-witnesses to the occurrence. (*Wallis* v. *Southern Pac. Co.*, 184 Cal. 662, [15 A. L. R. 117, 195 Pac. 408]; see, also, *Starr* v. *Los Angeles Ry. Corp.*, 187 Cal. 270, 281 [201 Pac. 599]; *Larson* v. *Larsen*, 72 Cal. App. 169, 172 [236 Pac. 979]; *Craven* v. *Central Pacific R. R. Co.*, 72 Cal. 345, 347 [13 Pac. 878]; *People* v. *Crossan*, 87 Cal. App. 5 [261 Pac. 531].) There were eye-witnesses to the occurrence complained of in this action who testified at the trial.

██ The evidence indicates that deceased received proper medical attention, although the fracture in his skull was not discovered by the attending physician until after his death.

The order granting a new trial is affirmed.

Works, P. J., and Thompson, J., concurred.