[L. A. No. 11036.  In. Bank.—March 26, 1931.]

EVA GRACE MATHEWS, a Minor, etc., Respondent; v. GEORGE A. DUDLEY et al., Appellants.

Culver & Nourse, W. I. Gilbert, Clarke & Bowker and Forrest A. Betts for Appellants.

Brittan & Brittan and Blackstock & Rogers for Respondent.

RICHARDS, J.—This appeal is from a judgment of the Superior Court in and for the County of Ventura, rendered and entered after the verdict of a jury in favor of the plaintiff for the sum of $35,000, in an action for damages for personal injuries sustained by her in an automobile collision which occurred upon what is known as the Old Conejo grade which lies along the highway between Ventura and Los Angeles, and on which the Ford automobile in which the plaintiff was riding and which was being driven by one of her elder sisters, while ascending said grade, was struck by a Reo truck owned by the defendants George A. Dudley and Maybelle M. Dudley, doing business under the fictitious name and style of National Linen Supply Company, and being at the time driven by Raymond Dudley, acting in the operation of the same under the authority of the owners of said truck.

The appellants make four contentions upon this appeal, the first of which is that the trial court committed prejudicial error in the admission of certain evidence over their objection. The evidence in question was that of a witness for the plaintiff named Overly, who was driving an automobile down said grade a short distance behind the Reo truck and a short time before the collision. Overly did not see the collision, but he did observe the Reo truck and the place it was occupying upon the highway as it rounded several of the curves therein and in the course thereof just a short distance above the place where the collision occurred. The highway at this point is, as to the concrete portion

thereof, twenty feet wide and down the center thereof there was painted a white strip. The testimony of Overly was to the effect that as the Reo truck was being driven down said grade and came within the line of his vision as it rounded the curves in the road and proceeded down the grade it was traveling with its left wheels on the left-hand side of the white line on the highway, and that the truck kept this position on the highway up to the time when it was last within his vision and which was but a short space and a few seconds at most before the collision occurred. The objection which the defendants urged to the introduction of this evidence was that it failed to show that the witness saw the accident or saw the position upon the highway which the truck occupied with relation to the center thereof at the moment of the occurrence of the collision. We can perceive no merit in this contention, since the testimony of this witness had relation to a course of conduct which was being pursued by the driver of the truck for a considerable distance in the course of its descent along said highway and up to within a very short distance and a very brief space of time before his truck collided with the car in which the plaintiff was riding. In support of their contention the appellants cite but one California case, that of *Blackford* v. *Beckwith*, 90 Cal. App. 37 [265 Pac. 514], in which case it was held error to admit testimony of a driver's habit six months prior to a collision while traveling in a place eight miles distant from the place of the accident. This decision has no relevancy to the facts of the instant case since the question to which the testimony of the witness Overly was directed related to the conduct and course of proceeding of the driver of the truck at a place but a short distance above and at a time immediately prior to the accident. The question before the court had relation to the weight and not to the admissibility of the testimony of the witness Overly and the question of its remoteness, in view of the fact that the witness did not see the collision, was one which rested in the sound discretion of the trial judge as to the admission or rejection of such evidence. In the recent case of *Ritchey* v. *Watson*, 204 Cal. 387 [268 Pac. 345], this court had occasion to pass upon this precise question, wherein evidence was offered as to the speed of a bus a few

hundred feet distant from where the collision between it and the plaintiff's car occurred and in which it was held that the admission of such evidence laid within the sound discretion of the trial court, and that its ruling thereon would not be disturbed upon appeal in the absence of a showing of a manifest abuse of such discretion. In the case of *Traynor* v. *McGilvray*, 54 Cal. App. 31 [200 Pac. 1056], the question was presented as to the admissibility of evidence with relation to the action and conduct of a party, particularly as to the rate of speed and method of driving an automobile, just before a collision occurred and with respect to which the court said: "We do not regard it as significant that these witnesses did not actually see the impact of the machines, since they were within five or six hundred feet of the impact which occurred within a few seconds after the condition which they related." The most recent decision of this court touching this question is that of *Hughes* v. *Hartman*, 208 Cal. 199 [273 Pac. 560], in which the evidence of a witness was offered and admitted to the effect that he had himself been nearly forced off the grade by the defendant's truck traveling on the wrong side of the road just before the driver thereof had collided with the plaintiff's car. This court held the evidence admissible although the witness did not actually see the collision with the plaintiff's car. In this connection the plaintiff's witnesses, consisting of herself and her two sisters, who were riding with her in their car at the moment of the collision, all testified that the Reo truck immediately before and at the time of the collision with their car was, as to the portion thereof which struck their machine, some distance over on the left side of the median line of the highway.

The appellants' second contention related to the alleged misconduct of plaintiff's counsel occurring during the argument of the cause. This misconduct, however, if it be such, was not objected to by counsel for the defendants at the time it occurred, nor at any time during the argument, nor until the instructions had been given to the jury and the jury retired to deliberate upon their verdict. The defendants' counsel then for the first time called the attention of the trial court to such alleged misconduct and asked that the jury be recalled for the purpose of further instruction directing them to disregard the specific act of miscon-

duct alleged on the part of plaintiff's counsel. Without reference to the question as to whether or not the comment of plaintiff's counsel amounted to misconduct, we are of the opinion that the objection came too late. (*Anderson* v. *United States,* 192 Cal. 250 [219 Pac. 748]; *Hale* v. *San Bernardino,* 156 Cal. 715 [106 Pac. 83].) In this connection it may be noted that while the defendants in their assignments of error on motion for a new trial stated that the verdict was excessive, as a result of passion and prejudice on the part of the jury, they did not persist in this assertion during the course of this appeal, and made no reference thereto among the points urged in their brief for a reversal. In this state of the case it would seem that the alleged misconduct of plaintiff's counsel, even if made the subject of timely objection, could not be held to be sufficiently prejudicial to justify a reversal of the case.

The appellants' third contention is that the court erred in refusing to give certain instructions requested by the defendants. As to the first of these instructions, it had reference to the question as to whether the plaintiff was engaged at the time of the accident in such a joint or common enterprise with her two sisters, who were the owners and alternate drivers of the car, as would render her, though a minor, subject to the defense of contributory negligence. The court refused to give the proposed instruction and indorsed thereon the statement that it was "refused, as given in effect elsewhere". An examination of the record shows the court's action in this regard to have been correct, since it had already given two instructions upon the same subject as that covered by the defendants' proposed instruction and in almost the same terms, one at the request of the defendants and the other of its own motion. In addition, however, it may be stated that there is no sufficient evidence contained in the record which would have justified the conclusion that the plaintiff was in fact engaged in a joint or common enterprise with her two sisters in relation to the ownership or operation of the car in which they were riding when the collision occurred. The plaintiff was a minor of the age of fifteen years. Her two sisters were out for a vacation, driving from their home in Bakersfield across to Monterey, and thence by the coast route to Los Angeles. They had brought their younger sister along, but she had

no ownership or interest in the car, and had never driven the same, and had no control over the car or the action or conduct of her two sisters in its operation. She was simply their guest on their vacation, and hence cannot be said to have come within the rule with relation to a common enterprise or adventure as that rule has been laid down by this court in the cases of *Bryant* v. *Pacific Elec. Co.*, 174 Cal. 737, 741 [164 Pac. 385], and *Pope* v. *Halpern*, 193 Cal. 168, 173 [223 Pac. 470]. The trial court was, therefore, under no compulsion to give any instruction upon the subject of a joint or common enterprise in so far as the plaintiff in this action was concerned.

The next and final contention urged by the appellants is that the court committed prejudicial error in giving the following instruction:

"You are instructed that a driver has no right to assume that the road is clear, but under all circumstances and at all times he must be vigilant and must anticipate the presence of others. The fact that he did not know that anyone was on the highway is no excuse for conduct which would have amounted to recklessness if he had known that another vehicle or person was on the highway.

"I further instruct you that a person lawfully and carefully driving upon a highway has the right to assume that all persons using the highway will also use ordinary care and caution. This rule allows drivers of motor vehicles to assume that motor vehicle drivers will obey and abide by the traffic laws and regulations." The gravamen of defendants' objection is directed against the use of the word "vigilant" in the foregoing instruction, and counsel for the appellants quotes certain definitions of that word as given in several dictionaries. The word, however, has numerous significances and synonyms, depending upon the particular place and context in which it is used and also the subject to which in its various uses it relates. One of the meanings given to this word "vigilant" is that contained in the Century Dictionary, wherein it is defined as "watchful, awake and on the alert; attentive to discover and avoid danger, or to provide for safety; circumspect; cautious; wary". If each of these synonyms of the word "vigilant" had been employed in the instruction complained of it could hardly, in respect to the duties of the driver of an automo-

bile upon the public highways, be said to have been erroneous. But, however that may be, the instruction complained of has been approved by the appellate tribunals of this state in a number of decisions, some of which are the following: *Myers* v. *Bradford,* 54 Cal. App. 157 [201 Pac. 471], *Wright* v. *Salzberger,* 81 Cal. App. 690, 701 [254 Pac. 671], *Truitner* v. *Knight,* 83 Cal. App. 655, 661 [257 Pac. 447], *Alkus* v. *Davies,* 86 Cal. App. 355 [260 Pac. 894], *Rush* v. *Lagomarsino,* 196 Cal. 308, 317 [237 Pac. 1066], and *Hatzakorzian* v. *Rucker-Fuller Desk Co.,* 197 Cal. 82, 99 [41 A. L. R. 1027, 239 Pac. 709]. We discover no prejudicial error in the giving or refusing to give any of the instructions of which the appellants complain, nor any other error on the part of the trial court which would warrant a reversal of this case.

The judgment is affirmed.

Seawell, J., Shenk, J., Curtis, J., Langdon, J., Preston, J., and Waste, C. J., concurred.