[*Civ. No. 25483. Second Dist., Div. One. Dec. 27, 1961.*]

NELLIE BEATRICE GINOCCHIO, Plaintiff and Respondent, v. GUTHRIE DAVISON et al., Defendants and Appellants.

Parker, Stanbury, Reese & McGee and Daren T. Johnson for Defendants and Appellants.

Joseph A. Capalbo for Plaintiff and Respondent.

FOURT, J.—This is an appeal from "the verdict and judgment rendered in favor of plaintiff . . . and against defendants . . . on November 7, 1960" in a personal injury action.

The complaint in the action was in the usual style and form and set forth, among other things, as follows: plaintiff-respondent "was made sick, sore, and lame, and was injured in and about her person in the following, among other particulars, to wit: Severe injury to head, neck, chest, back, shoulders and arms and legs, together with lacerations, contusions and abrasions over her body, and severe and lasting nervous shock. Said plaintiff is informed and believes, and on that ground alleges that said injuries, and each of them, are permanent and lasting in nature and by reason thereof, said plaintiff has been generally damaged in the sum of Twenty Thousand ($20,000.00) Dollars:" and further that she secured "medical, hospital, x-ray and nursing care and attention, and she will be required to secure additional such care and attention in the future, of a total reasonable value, the full extent of which said plaintiff is not aware at the present time."

The accident with which we are concerned occurred on January 10, 1959, when plaintiff was driving east on Exposition Boulevard at its intersection with Seventh Avenue. The defendant was driving west on Exposition Boulevard and made a left turn in the intersection indicated and collided with the plaintiff. Without setting forth in detail the facts, suffice it to say that there could be little if any question about the liability of the defendant under the circumstances. The jury returned a verdict in favor of the plaintiff for $6,000.

The plaintiff in this action was formerly involved in another action titled *Ginocchio* v. *Dohrmann Supply Co., Hertz Cor-*

*poration and Ben Perdis,* filed in Los Angeles County on December 18, 1958. The accident out of which the former suit resulted occurred on August 4, 1958. The plaintiff was represented in that action by the same attorneys who presently represent her. The allegations of that complaint were in the standard form and type.

At the trial of the present case there was a considerable amount of testimony by various witnesses with reference to the injuries sustained by the plaintiff. She testified herself in detail concerning the injuries to her right ankle, both knees, shoulders, arms, chest and head, about her dazed condition, nausea and injury to her low back, and the medical care she had received, the hospitalization required and her progress with reference to each of the areas allegedly injured.

In the accident of August 1958 plaintiff had sustained injuries of whiplash character, injuries to her spine and back and she had suffered headaches since the time of the accident. She testified that after the first accident her arms ''hurt all the way across on the back area into my shoulders'' and were still bothering her at the time of the accident of January 10, 1959. At the time of the last mentioned accident she stated that she was still having some trouble with her neck, was wearing a neck brace and had some headaches. In her deposition taken in June 1959 in connection with the action involving the earlier accident, she stated that at the time of the later accident she still had headaches from the earlier accident.

Shortly prior to January 10, 1959, the appellant was recovering from her injuries and had planned to resume her activities, including her employment. After the accident of January 10th she was hospitalized and could do nothing towards going back to work immediately.

The doctor who had attended the plaintiff testified fully on both direct and cross-examination as to the injuries sustained on August 4, 1958, and as to the injuries sustained on January 10, 1959. He stated in effect that just prior to the later accident the plaintiff was better, that she still had pains in the back of her neck, that she was nervous, and that she would have been able to return to work within three or four weeks. The doctor distinguished between the injuries sustained in the accidents, that the injuries received on January 10, 1959, were completely disabling. Further the doctor stated that although the plaintiff was improving prior to the second accident, he could not state that the treatment given to her after the second accident was solely for the injuries received

in the January 10th accident, saying that it was difficult to differentiate completely because she was ''still one individual.''

The plaintiff returned to work in March 1959 but could not maintain her regular schedule and as a consequence suffered a loss of wages and earnings. This condition existed at the time of the trial of the present case. Plaintiff testified further that she still had trouble with her knee, arms, chest, had headaches, was nervous and still had some scars. She further testified that she had some neck pains which she related to the earlier accident. As a witness she put it rather concisely. When asked by appellant's counsel,

''Q. Except for that would you say that since you went back to work in March of 1959 that you haven't felt any of the effects of the first accident? A. Well, it is kind of hard to separate the two, you know. I don't know. I may have had some, but I know the places that hurt me the worst. I can tell you that.

''Q. What I am trying to determine is whether any of the difficulties that you have had since you went back to work, any of your physical difficulties, are in any way related to the first accident, and to that end I have asked you if since going back to work you have felt any of the effects of your first accident. A. I don't think so, except for that pain in my—— between my shoulders which I believe might have been caused from the first accident.''

Counsel for the appellant sought by way of impeachment and to show an admission against interest to introduce a release which obviously referred to the first accident.[1]

---

[1] ''RELEASE OF ALL CLAIMS

''FOR AND IN CONSIDERATION of the payment to me at this time of the sum of SIX THOUSAND FIVE HUNDRED ——00/100 Dollars ($6,500.00 ——), the receipt of which is hereby acknowledged, I being of lawful age, do hereby release, acquit and forever discharge DOHRMANN HOTEL SUPPLY CO., HERTZ CORPORATION & BEN PEREZ, their officers, agents, servants and employees and each, every and all of them, of and from any and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses and compensation, on account of, or in any way growing out of, any and all known and unknown personal injuries resulting or to result from accident that occurred on or about the 4 day of August 1958, at or near the intersection of Washington and Hauser Boulevards in the City and County of Los Angeles, State of California.

''I hereby declare and represent that the injuries sustained are permanent and progressive and that recovery therefrom is uncertain and indefinite, and in making this release and agreement it is understood and agreed that I rely wholly upon my own judgment, belief and knowledge of the nature, extent and duration of said injuries, and that I have not been influenced to any extent whatever in making this release by

518

This release was in printed form with typewritten inserts. Proper objections were promptly made to the introduction of such release into evidence, and the objection was sustained.

The sole question involved here is whether under the circumstances the judge committed prejudicial error in sustaining the objection to the proffered evidence.

Keeping in mind that all intendments are in favor of the judgment and that there can be no reversal without an affirmative showing that the claimed error was likely to mislead the jury and that the error resulted in a miscarriage of justice, we cannot say that the judgment should be reversed.

■ It is true that there should be a wide latitude given in cross-examination and particularly so when the witness is a party to the action. ■ It is also true that the trial judge must be given broad discretion in controlling the court and in determining the extent, nature and character of cross-examination.

It is stated in Witkin on California Evidence, section 112, page 134, as follows:

"(a) *General Principle of Admissibility.* The Thayer doctrine, accepted by most authorities, is that all *relevant evidence,* (see supra, § 111) is admissible unless excluded for some special reason. (See McCormick, p. 314; 1 Wigmore, § 10; *People* v. *Jones* (1954) 42 C.2d 219, 222, 266 P.2d 38 [quoting Wigmore: 'All facts having rational probative value are admissible, unless some specific rule forbids'] ; Unif. Rule 7 ['Except as otherwise provided . . . all relevant evidence is

any representations or statements regarding said injuries, or regarding any other matters, made by the persons, firms or corporations who are hereby released, or by any person or persons representing him or them, or by any physician or surgeon by him or them employed.

"It is further understood and agreed that this settlement is the compromise of a doubtful and disputed claim, and that the payment is not to be construed as an admission of liability on the part of the persons, firms or corporations which are hereby released and discharged or either or any of them, by whom liability is expressly denied.

"This release contains the ENTIRE AGREEMENT between the parties hereto, and the terms of this release are contractual and not a mere recital.

"I further state that I have carefully read the foregoing release and know the contents thereof, and I sign the same as my own free act and it is my intention to be legally bound hereby.

"WITNESS my hand and seal at Los Angeles this 11th day of August, 1960.

"In presence of CAUTION: READ BEFORE SIGNING
 Joseph A. Capalbo Nellie Ginocchio (SEAL) "

admissible']; *Dike* v. *Golden State Co.* (1954) 125 C.A.2d 6, 11, 269 P.2d 619 [exclusion of relevant evidence held reversible error].)

"The Comment on Uniform Rule 7 states that 'It wipes the slate clean of all disqualifications of witnesses, privileges and limitations on the admissibility of relevant evidence. Then harmony and uniformity are achieved by writing back onto the slate the limitations and exceptions desired.' (See 2 U.C.L.A. L. Rev. 6.)

"(b) *Exclusion of Relevant Evidence for Policy Reasons.* The general principle of admissibility of relevant evidence is subject to a number of exceptions, based on 'counterbalancing factors' of 'extrinsic policy.' The most important are (1) undue prejudice, (2) unfair surprise, (3) confusion of issues, and (4) undue consumption of time. (See McCormick, pp. 314, 319; 1 Wigmore, § 29a; Model C., Rule 303; Unif. Rule 45; Selected Writings, p. 117; as to exclusion of evidence because of illegal means of producing it, see supra, § 14.)

"Uniform Rule 45 states the modern policy rules, emphasizing the judge's discretion in their application: 'Except as in these rules otherwise provided, the judge may in his discretion exclude evidence if he finds that its probative value is substantially outweighed by the risk that its admission will (a) necessitate undue consumption of time, or (b) create substantial danger of undue prejudice or of confusing the issues or of misleading the jury, or (c) unfairly and harmfully surprise a party who has not had reasonable opportunity to anticipate that such evidence would be offered.'

"The Comment reads: 'This applies to frequently arising situations where the trial may get out of hand by the injection of collateral issues having only slight probative value and which would tend to confuse the jury, or have illegitimate emotional appeal. Obviously the judge should have some discretion to prevent the trial from going off on tangents of relative unimportance. Likewise some protection is needed from unfair surprise with respect to such matters. This represents the sort of thing which the trial judge does every day in actual practice and which is sanctioned here, in the assurance that the results of rare and harmful abuse of discretion will be readily corrected on appeal. It is a rule of necessity. Its sanction cannot be escaped if we are to have orderly and efficient trial procedure.' (See also *Moody* v. *Peirano* (1906) 4 C.A. 411, 418, 88 P. 380 ['a wide discretion is left to the

trial judge'] ; *Adkins* v. *Brett* (1920) 184 C. 252, 258, 193 P. 251, infra, § 115; *People* v. *Boggess* (1924) 194 C. 212, 234, 228 P. 448 [remoteness is left to discretion of court] ; *Jennings* v. *Arata* (1948) 83 C.A.2d 143, 146, 188 P.2d 298 [same] ; McCormick, p. 132; 29 Cal. L. Rev. 704.) ''

The jury in this case had before it a rather complete and comprehensive recital of the injuries suffered in the two accidents. The courts in this state have not been quick to determine in effect that releases in former cases are admissible and proper evidence in a later case. See *Lowenthal* v. *Mortimer,* 125 Cal.App.2d 636 [270 P.2d 942] ; 69 A.L.R.2d 593. A close reading of *Coleman* v. *Southern Pacific Co.,* 141 Cal.App.2d 121 [296 P.2d 386], indicates that it might very well have been error to have admitted the release into evidence.

 If there were inconsistencies in the testimony of the plaintiff in the present case and the recitals in the signed release involving the first case, such inconsistencies were of such a character that clearly the trial judge was within his discretionary power to determine that the release should not be received into evidence under the circumstances. There was in this case no estoppel, no fraud, no denial of a previous injury, but to the contrary a frank and apparently a full and complete statement concerning both accidents.

The release was not under the circumstances of this case admissible as an admission against interest.

A close reading of the entire record discloses that even if the appellants are correct (that is, that it was error to refuse to admit the release into evidence) the error complained of is not prejudicial or reversible error under the circumstances as evidenced here.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.