[Civ. No. 465. First Appellate District.—July 2, 1908.]

# HANS OLSEN, Respondent, v. MORRIS LEVY, Appellant.

NEGLIGENCE—COLLISION OF AUTOMOBILE WITH BICYCLE—STREET OB-
STRUCTED BY DEBRIS—CROWDED THOROUGHFARE—CONTRIBUTORY NEG-
LIGENCE.—In an action against the owner of an automobile for
damages caused by negligent collision thereof with the rider of a
bicycle, on Market street, in San Francisco, where the verdict was for
the plaintiff, *held,* that, under the evidence disclosed in the record,
the plaintiff was not guilty of any contributory negligence which
would preclude his recovery, merely because the street was narrowed
by the obstructions of debris, and the collision occurred in a crowded
thoroughfare, where it appears that plaintiff led his bicycle until
the street appeared clear and safe, and after mounting it, the auto-
mobile came out of the track from behind a car and ran into him.

ID.—EVIDENCE—SPEED OF AUTOMOBILE.—Where a witness testified that
the automobile was going down the street at a lively gait, and in
a reckless manner, just before the accident, and that he saw sev-
eral young men make lively escapes, and that he saw the machine
strike the plaintiff, not a hundred feet distant from such escapes,
the court did not err in refusing to strike out his evidence, on the
ground that it did not tend to prove the rate of speed at the time
of the accident.

APPEAL from an order of the Superior Court of the City
and County of San Francisco denying a new trial. John
Hunt, Judge.

The facts are stated in the opinion of the court.

Devoto & Richardson, for Appellant.

Arthur H. Barendt, for Respondent.

KERRIGAN, J.—This action was brought to recover dam-
ages for injuries received by plaintiff, caused by the alleged
negligence and carelessness of the defendant while operating
an automobile owned by him. In accordance with the verdict
of the jury a judgment for $300 was entered in favor of
the plaintiff. The appeal is from an order denying defend-
ant's motion for a new trial.

Appellant (defendant) contends that the respondent was guilty of contributory negligence which was the proximate cause of the accident, the alleged negligence consisting in riding his bicycle on Market street, San Francisco, while the street was greatly obstructed by debris. The record shows that at the time of the accident the north and south sides of Market street, between East and Third streets, were impassable by reason of being covered with debris from buildings destroyed by the fire of April 18, 1906; that the roadway of Market street available for use was then greatly narrowed. The respondent testified as follows: "On account of the number of people, cars and teams on the street it was impossible for me to ride on my bicycle, so I was compelled to walk up. I continued to walk up the north side of the street to about twenty feet from where the accident happened. I saw the road clear, got on my bicycle and continued going up Market street, when all of a sudden an automobile came out of the track from behind the car, and ran into me. . . . The crowd was so great that it was impossible for me to ride on my bicycle up Market street until about twenty feet from where the accident happened. I then got on the bicycle because I thought I could safely do so. It was not possible to travel fast on the street on account of the vast concourse of people and the cars." In this view of the record we are at a loss to see that respondent has been guilty of any conduct which would preclude him from recovering in this action.

Appellant next contends that the court erroneously refused to strike out the answer of P. A. Ray, a witness called by respondent, as to the rate of speed the automobile operated by appellant was going just prior to the accident. The following proceedings were had with reference to that testimony:

"Q. What first attracted your attention to the defendant? A. He was going down Market street at a lively gait. I knew it was a reckless way. I saw several make lively escapes, two young fellows particularly.

"Mr. Devoto: I move to strike that out as incompetent, irrelevant and immaterial.

"The Court: Did you see when the machine struck the plaintiff? A. Yes.

"Q. How far distant did the other accident take place? A. Less than 100 feet.

"The Court: Motion denied.

"Mr. Devoto: We take an exception."

Appellant argues that this testimony showed the speed of the automobile before the accident, but did not tend to prove the rate of speed at the time of the accident. To state the point is to answer it. We fail to perceive any merit in this position.

The court did not err in the giving or refusing of any of the instructions.

The order is affirmed.

Cooper, P. J., and Hall, J., concurred.