[Civ. No. 3857. First Appellate District, Division One.—August 17, 1921.]

## GABRIELLE G. TRAYNOR, Appellant, v. J. D. McGILVRAY, Jr., Respondent.

[1] NEGLIGENCE—DRIVING OF AUTOMOBILE—REMOTENESS OF EVIDENCE OFFERED—DISCRETION—APPEAL.—The question of the remoteness of evidence which is offered with relation to the actions and conduct of a party, particularly as to the rate of speed and method of driving an automobile just before a collision occurs, is one which rests so largely with the discretion of the trial court that no positive rule upon the subject can be laid down, and for that reason the ruling of the trial judge as to the admission or rejection of that sort of evidence will not be disturbed, except upon a clear showing of an abuse of such discretion.

[2] ID.—AUTOMOBILE COLLISION—OFFER OF ASSISTANCE—EVIDENCE.—In an action for damages for personal injuries sustained by plaintiff as the result of an automobile collision, plaintiff having testified that the defendant did not offer her any assistance just after the accident, evidence by a witness for the defendant to the effect that immediately after the collision she went over to look at the defendant's car, and that the defendant asked her to ask plaintiff "if there was anything in the world he could do for her," was properly admitted in rebuttal, as against plaintiff's objection that the conversation was had in her absence.

[3] ID. — HEARSAY EVIDENCE — MOTION TO STRIKE OUT ENTIRE TESTIMONY.—The fact that such witness testified further that defendant said that he had offered to help plaintiff but she would not listen to him, and would not even speak to him, did not render the whole of her testimony subject to be stricken out on plaintiff's motion, on the ground that it was a conversation had in the

absence of plaintiff, where the plaintiff's motion was not con-fined to that portion of her answer but was to strike out the whole of the testimony, a portion of which was clearly admissible.

[4] Id.—Action for Damages—Motor Vehicle Law—Instructions. In an action for damages for personal injuries sustained by plaintiff as the result of an automobile collision, it is not error to modify one of plaintiff's proposed instructions by striking therefrom an excerpt from the Motor Vehicle Act, which the court has already given to the jury in another portion of its instructions; neither is it error to strike from such requested instruction a comment which plaintiff proposed as to the meaning of the portions of the act which had been embodied in the offered instruction, where such comment was unnecessary in the presence of the clear language of the act itself, and was argumentative in form to the extent of obscuring rather than clarifying the act.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Chas. F. Hanlon for Appellant.

B. M. Aikins, McCutchen, Olney & Willard and McCutchen, Willard, Mannon & Greene for Respondent.

RICHARDS, J.—This appeal is from a judgment based upon a verdict in favor of the defendant in an action for damages for personal injuries received by the plaintiff as the result of a collision between the automobiles of the respective parties which occurred on the afternoon of January 18, 1917, upon the state highway, between Burlingame and Millbrae, in San Mateo County.

The defendant was driving his car, a sedan, southward from San Francisco on his way to San Jose. The plaintiff was driving her car, also a sedan, northward from Burlingame on the way to San Francisco. A short distance ahead of her was a wagon, and just behind it another car, a Metz, both proceeding northward. The Metz car turned outward toward or upon the center of the road in order to pass the wagon, and the plaintiff at or about the same moment attempted to pass both the wagon and the Metz car. The approaching defendant first observed the wagon and the cars behind it when about five hundred feet away,

and saw the Metz car turn outward in its attempt to pass
the wagon, but, according to the defendant's assertion, did
not observe the plaintiff's effort to pass both the Metz car
and the wagon until so short a distance away as to render
a collision between his own car and the car of the plaintiff
inevitable. The testimony is quite conflicting as to the re-
spective speeds and also as to the precise position of the
automobiles of the respective parties at and immediately
before the time of the collision; but the evidence is practi-
cally conclusive that at the precise moment of collision
the plaintiff's car was upon the left side of the highway,
and the defendant's car was well over toward the edge of
that side of the highway and in the dust of that portion
thereof which was unbituminized. The jury returned its
verdict in favor of the defendant.

The appellant's first contention upon this appeal is that
the trial court committed reversible error in its admission
in evidence of the testimony of two witnesses, Mrs. Margaret
Warner and her daughter, Miss Elsie L. Warner, called by
the defendant. The testimony of these two witnesses was
to the effect that they were standing by the side of the
highway a short distance north of Burlingame and about
the distance of a city block away from the point of colli-
sion, which point, however, they were unable to see, for the
reason that there is a slight elevation in the road between
their points of vision and the point of impact. They were
near enough, however, to hear the sound of such impact, and
their testimony to which the plaintiff's objection went was
to the effect that at the time the plaintiff passed the point
where they were standing and went on up the incline in
the road her car was driven very rapidly and, as the wit-
nesses described it, "was running from one side of the road
to the other, zigzagging across the road." The plaintiff ob-
jected to the defendant's offer to make this proof, and also
objected to the witnesses' testimony when presented, upon
the ground that it was too remote, for the reason that
it referred to the conduct of the plaintiff and the action
of her car at a time prior to and at some considerable dis-
tance from the point of collision, which point was beyond
the witnesses' visions.

We think that this objection was not well taken. [1]
The question of the remoteness of evidence which is offered

54 Cal. App.—3

with relation to the actions and conduct of a party, particularly as to the rate of speed and method of driving an automobile just before a collision occurs, is one which rests so largely within the discretion of the trial court that no positive rule upon the subject can be laid down, and for that reason the ruling of the trial judge as to the admission or rejection of that sort of evidence will not be disturbed except upon a clear showing of an abuse of such discretion. (1 Wigmore on Evidence, 514 et seq.; *Olsen* v. *Levy,* 8 Cal. App. 487, [97 Pac. 76]; *Bauhofer* v. *Crawford,* 16 Cal. App. 676, [117 Pac. 931]; *Scragg* v. *Salee,* 24 Cal. App. 133, [140 Pac. 706]; *Dilger* v. *Whittier,* 33 Cal. App. 15, [164 Pac. 49].)

We do not regard it as significant that these witnesses did not actually see the impact of the machines, since they were within five hundred or six hundred feet of the point of impact, which occurred within a few seconds after the existence of the conditions which they related, and near enough for the sound of the impact to reach their ears. Their testimony did not, therefore, relate to conditions at prior times and other places so as to bring it within the range of the cases which the appellant cites as supporting her contention.

[2] The appellant's next contention relates to certain further testimony given by one of these same witnesses, and which was offered to rebut the testimony of the plaintiff to the effect that the defendant did not offer her any assistance just after the collision, or, to use her own language, "never offered me one bit of help," and "his manner was very threatening." Miss Elsie Warner was called by the defendant, and testified that immediately after hearing the impact of the collision she and her mother got into their car and drove to the place of the accident, where they saw the plaintiff standing on the ground near her car and the defendant standing near his car a short distance away; whereupon, to quote from the record, the witness testified: "I went over to look at his [the defendant's] car, and he asked me to ask Mrs. Traynor if there was anything in the world he could do for her, and he said he had offered to help her but she would not listen to him, and would not even speak to him.

"Mr. Hanlon: I move to strike that out."

A little later, and before ruling upon this motion, Mr. Hanlon renewed it as follows: "Mr. Hanlon: I move to strike out the conversation between Mr. McGilvray, our opponent, and this witness in our absence." The court denied both motions, and its action in so doing is assailed as error.

We cannot give our assent to the appellants' contention in this regard. No ground of objection to this offered evidence was stated in either of said motions, except possibly that the conversation was objected to as in the absence of the plaintiff. This would not be a good objection to that portion of the witness' conversation with McGilvray wherein he asked her to be his intermediary in proffering his aid to the plaintiff; [3] and as to what he said otherwise as to his own previous offer of aid to the plaintiff, the objection was not confined to this probably objectionable portion of the witness' testimony, but went to the whole statement of the witness, a portion of which was clearly admissible. It was not, therefore, error of the trial court to deny the plaintiff's motions to strike out the whole of this testimony in the form in which such motions were made. (*Hellman* v. *McWilliams,* 70 Cal. 449, [11 Pac. 659]; *Lucy* v. *Davis,* 163 Cal. 611, [126 Pac. 490]; *Estate of Huston,* 163 Cal. 166, [124 Pac. 852].)

[4] The appellant makes several objections to alleged errors of the trial court in modifying one of her proposed instructions, and in refusing to give certain other instructions requested by her. As to the first of these objections relating to the court's modification of the plaintiff's proposed instruction, we find that such modification consisted in part in striking from said instruction an excerpt from the Motor Vehicle Act, which the court had already given to the jury in another portion of its instructions; and consisted further in striking from said requested instruction a comment which the plaintiff proposed as to the meaning of the portions of the Motor Vehicle Act which had been embodied in the offered instruction. This comment was unnecessary in the presence of the clear language of the act itself; and it was also argumentative in form to the extent of obscuring rather than clarifying the act. It was therefore properly stricken from the instruction.

As to the other instructions offered by the plaintiff and refused by the court, we do not deem it profitable to deal with these in detail, since we find that they were each and all subject to the vice of argumentativeness, and in each instance the questions of law to which they related were amply and correctly covered by the very full and fair instructions of the court, which were given to the jury.

We find no error in this record. Judgment affirmed.

Kerrigan, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 13, 1921.

All the Justices concurred, except Shaw, J., who was absent.