[L. A. No. 9435.   Department Two.—June 20, 1928.]

BLANCHE RITCHEY, Respondent, v. A. B. WATSON, etc., Appellant.

Clyde Bishop and B. P. Gibbs for Appellant.

S. M. Davis for Respondent.

TYLER, J., *pro tem.*—Action for damages for personal injuries. The complaint alleges, in substance, that on July 13, 1925, plaintiff was riding with her husband in an automobile truck which was being driven in a careful and prudent manner in a northwesterly direction along and upon a public highway in the county of Orange; that when the truck had reached a point directly opposite to the home of plaintiff, her husband made a left-hand turn in order to enter his private road, at which time defendant, operating an automobile bus going in the same direction, carelessly, recklessly, and negligently, and in utter disregard to the rights and safety of other drivers, collided with the truck, striking the left wheel thereof with such force and violence as to overturn it, pinning plaintiff and her husband underneath thereof, and causing the injuries complained of. Judgment was prayed for in the sum of $10,087.25. The answer denied negligence in the operation of the motor bus and alleged that the driver of the truck turned the same from the right-hand side of the road toward the left-hand side thereof in a negligent manner and without the exercise of ordinary care and the damage suffered by plaintiff was due to and caused by the fault of the driver of the truck by reason of his failure to exercise such requisite care. After trial before a jury plaintiff recovered a verdict in the sum of $3,000. From this judgment defendant prosecutes this appeal. It is here claimed that the verdict is contrary to the evidence and is contrary to the law in this: (1) That the proof discloses no negligence on the part of the defendant; (2) that plaintiff and her husband were guilty of contributory negligence as a matter of law for the violation of the provisions of the Motor Vehicle Act (Stats. 1923, p. 517), and, in particular,

for failing to look to the rear before turning to the left, such violation and negligence being the proximate cause of plaintiff's injuries. It is further claimed that the trial court erred in permitting testimony relating to the speed of the bus at a point distant from the scene of the accident· as being too remote, and that the court likewise erred in the giving and refusing to give certain instructions to the jury. ■ With reference to the question of negligence there is evidence to show that plaintiff and her husband were traveling on the public highway in a light Ford truck which was turned across to the left for the purpose of entering their private driveway. Prior to making this turn, and when some 50 or 60 feet therefrom, the husband slowed down, looked back and also looked in his rear view mirror to ascertain if any vehicles were approaching, at the same time extending his hand to indicate his intention to make the turn and continuing to do so until he had accomplished his purpose. Before his rear wheels had cleared the road his truck was struck by defendant's bus, overturned and plaintiff and her husband were pinned beneath the same. There was also testimony to show that immediately prior to the accident, and when the bus was about 500 feet from the point in the road where the accident occurred, it was traveling at a high rate of speed, estimated at from 35 to 40 miles an hour, and had been traveling at a speed of nearer 50 miles just prior thereto. It further appeared that immediately prior to the impact, and when some 250 feet away from the scene of the accident, the driver of the bus began to swing his vehicle from the right-hand side of the road toward the left-hand side in an attempt to pass the truck in which plaintiff and her husband were riding. It is manifest that under these facts defendant was guilty of negligence and that plaintiff was not guilty of contributory negligence, as claimed. It is true that there was conflict in the evidence, but with that we are not concerned. ■ The question of negligence or contributory negligence is one of fact for the jury to determine and its finding cannot here be disturbed by reason of a conflict, nor can it be disturbed because of the fact that different inferences might reasonably be drawn from the evidence. The evidence is ample to support the judgment. ■ Nor is there any merit in the claim that

the trial court committed error in admitting evidence of the speed of the bus in approaching the scene of the accident when a few hundred feet away therefrom. The question as to whether or not this evidence was objectionable as being too remote was a matter of discretion of the trial court. No hard-and-fast rule can be laid down upon this subject. (*Traynor* v. *McGilvray*, 54 Cal. App. 31 [200 Pac. 1056].) Even assuming that, standing alone, the evidence might be considered too remote, still the positive testimony as to the speed of the bus at the time of the accident, makes it legally relevant as affording an inference with respect thereto. (*Davies* v. *Barnes*, 201 Ala. 120 [77 South. 612]; *Sterler* v. *Busch*, 197 Iowa, 231 [195 N. W. 369].) The weight of such evidence is a question for the jury.
Equally without merit is the claim that the court erred in giving certain instructions requested by the plaintiff for the reason that they were misleading on account of the order in which they were given. The issues were plain and simple. Each party was entitled to have instructions given, based on his theory of the case, if there was any evidence to support it. Both parties fully availed themselves of this privilege, for the instructions are voluminous. Some of the instructions asked for by the defendant were refused, and rightfully so, for the reason that other instructions upon the subject presented the law fully to the jury. The order in which the trial court read the instructions to the jury is of no consequence. Whether the first or the last made the greater impression upon the minds of the jury, or which were the most lasting, presents a question upon which minds might differ, but in any event the objection "borders on the realm of psychology wherein the law seems loath to enter" (*Grillich* v. *Weinshenk*, 64 Cal. App. 474 [222 Pac. 160]). We have read the instructions and fail to find objection to any of them, either in form or substance. As above stated, the issues were plain and simple. The instructions fully and fairly covered the questions involved and properly presented all issues to the jury. The only objection we see to them is that they are too voluminous. The more simply and plainly instructions can be framed and cover the issues, the better the jury will understand them, and the less likely will

they run counter to some rule of law. (*Estate of Keithley,* 134 Cal. 9–13 [66 Pac. 5].) The appeal is devoid of merit. The judgment is affirmed.

Richards, J., and Shenk, J., concurred.

Hearing in Bank denied.