[Civ. No. 69. Fourth Appellate District.—June 16, 1930.]

J. A. WARREN, Appellant, v. CHARLES E. BURCH et al., Respondents.

Luce & Swing and Hamilton & Lindley for Appellant.

Wright & McKee and Fredericks, Hanna & Morton for Respondents.

BEAUMONT, J., *pro tem.*—Plaintiff's complaint is in two counts. The first alleges that defendant Charles E. Burch received the sum of $17,500 belonging to plaintiff and his assignors, which he agreed to pay them on demand, but that without authority he delivered the same to the other two defendants, M. E. Lyon and Imperial Live Stock and Mortgage Company. The second count alleges that Charles E. Burch was attorney of plaintiff and his assignors; that he, while acting as their attorney, received said sum of money for the use and benefit of plaintiff and his assignors; that, with the aid of defendant Lyon, he fraudulently appropriated it to his own use and to the use of defendants Lyon and Imperial Live Stock and Mortgage Company. Each count alleges demand was made on all defendants,

but that payment was refused. In addition to the denials contained in the answer of each defendant, said Imperial Live Stock and Mortgage Company pleaded that plaintiff and his assignors had notice that the money in question was to be applied to the credit of George W. McCain and that there was no objection made thereto; that the money was so applied and that the Imperial Live Stock and Mortgage Company had delivered to said McCain certain evidences of indebtedness; that McCain received the benefit of said money, and that defendant Imperial Live Stock and Mortgage Company by reason thereof had suffered detriment in the sum of $17,500. The court found against plaintiff's contentions. From the judgment in favor of defendants plaintiff has appealed solely on the ground of the insufficiency of the evidence. There are substantial conflicts of evidence upon many of the material points of the case. ■ The finding of the trial court will not be disturbed where the evidence is conflicting, nor can it be disturbed because of the fact that different inferences might be reasonably drawn from the testimony. (*Ritchey* v. *Watson*, 204 Cal. 387 [268 Pac. 345].) ■ We are of the opinion the evidence is sufficient to support the judgment.

The evidence shows that the Imperial Investment Company, which will be herein referred to as the investment company, was a partnership, and that it undertook to sell securities of Imperial Live Stock and Mortgage Company, a corporation. The corporation will be designated as the mortgage company. Agents of the investment company sold stock in the mortgage company to J. A. Warren, plaintiff herein, and to Charles Hook, J. L. McCain, Pete McCain, Arthur McCain, George W. Cameron and J. W. Vasey, plaintiff's assignors. A comparatively large quantity of this stock was purchased by George W. McCain. These men were, at the time of the purchase of stock in the investment company or had been prior thereto, engaged in the cattle business in San Diego County. Plaintiff and plaintiff's assignors, with the exception of Vasey and Cameron, were related either by blood or marriage to George W. McCain. George W. McCain died before the trial was had. At the time of the purchase of stock by plaintiff and his assignors, notes were given by them to the investment company in payment thereof. Certain of these notes were

hypothecated to the Ramona State Bank. In 1923 complaint was made that the cattlemen had been defrauded, and the district attorney of San Diego County made an investigation of the charges. One of the stock salesmen was arrested; the matter was brought before the grand jury. George W. McCain, in addition to buying stock in the corporation, had borrowed money from it. The mortgage company had a mortgage upon some of his cattle, and suit was brought to foreclose this mortgage. The record shows that the mortgage company claimed that he had, without its consent and in violation of the terms of the mortgage, sold certain of the mortgaged cattle. It will not serve any purpose to go into further details of this phase of the evidence. It may be well to state, however, that it clearly appears that Charles E. Burch, representing the cattlemen, including George W. McCain, had various contacts with the investment company and the mortgage company regarding settlements of the controversies.

The evidence shows without conflict that C. W. Francis, one of the partners in the investment company, in March, 1924, placed the sum of $11,666.67 in the hands of his attorneys, Fickeisen and Richardson. After testimony as to how Francis had procured said sum, there appears in the transcript the following: "Q. And when you turned it over to your attorney, did you give any instructions as to the disposition of that fund? A. Yes, sir." There was then transmitted by letter from Fickeisen and Richardson to Byron C. Hanna, acting as attorney for the mortgage company, the said sum of money. Accompanying the money were ten promissory notes of appellant, his assignors, and George W. McCain. Forms of release were also inclosed for execution by each of the cattlemen, and directions were given to the effect that when they were executed Hanna should, unless further instructed, deliver to Burch and Lyon, or either of them, the cashier's checks inclosed.

O. N. Shaw, formerly president of the mortgage company, according to the testimony of Hanna, deposited with Hanna $5,833.33 and stated to the latter that said sum was "to be applied in the settlement with George W. McCain. . . . " Hanna advised respondent Lyon that he had the checks and notes. Thereupon Lyon wrote respondent Burch under date of March 31, 1924. His letter is in part as follows:

"Mr. Hanna also advises me that he is in receipt of the necessary funds to conclude a settlement along the lines of our agreement, which he is authorized to deliver to the undersigned 'to be applied to the credit of Mr. George W. McCain and notes to Mr. Burch when Mr. Burch shall have had waivers and releases in the form enclosed with the communication above referred to executed by each of the persons above named and also by J. W. Vasey of Miramar, California.'

"I hand you herewith the waivers and releases which Mr. Hanna was requested to have executed in this matter, and when you have secured the execution of these documents, we will then be ready to conclude the matter.

"Mr. Hanna suggests in this case that you procure a letter of instructions from the persons whose notes have been deposited with him, authorizing him to deliver these notes to you upon compliance with the terms of this escrow."

Thereafter Burch procured the signatures of appellant and his assignors to the releases, and he received on their behalf the notes that had been given to the investment company and not hypothecated with the Ramona State Bank. Credit was given George W. McCain in the sum of $17,500, and evidence of his indebtedness to the mortgage company was surrendered to respondent Burch.

At the time of the execution of a release to the mortgage company, appellant signed the following letter:

"San Diego, California, April 2, 1924.
"Imperial Live Stock and Mortgage Company,
"Imperial Investment Company,
"M. E. Lyon, Vice President and General Manager of Imperial Live Stock and Mortgage Company,
"Byron C. Hanna, Attorney for Imperial Live Stock and Mortgage Company,
"Los Angeles, California.
"Gentlemen:
"In compliance with yours March 31, 1924, addressed to M. E. Lyon, Merchants National Bank Building, Los Angeles, California, you are hereby instructed to deliver to C. E. Burch, my attorney of San Diego, California, any and all notes or evidences of obligations on the part of the undersigned herewith to the Imperial Live Stock and Mort-

gage Company or/and Imperial Investment Company concerning any and all transactions heretofore entered into.

"You are hereby further authorized and notified to accept for and in behalf of myself any and all receipts as may be signed by the said C. E. Burch for me and in my behalf as for me and in my behalf and stead with reference thereto.

"(Signed)  J. A. WARREN."

The letter of March 31, 1924, from Hanna to Lyon so referred to, tells of the receipt of checks from Fickeisen and Richardson, and states: "I am authorized to deliver these checks to yourself to be applied to the credit of Mr. McCain. . . . " The part that relates to applications of the money to the credit of George W. McCain is quoted in Lyon's letter to Burch, also dated March 31, 1924, excerpt from which is set out hereinabove. Each of appellant's assignors signed a like letter to the one appearing over the signature of appellant Warren. Appellant and his assignors testified they did not know the contents of the letter from Hanna to Lyon when they executed the releases and wrote the letters. The conflict of evidence upon this point was resolved in respondents' favor.

The judgment is affirmed.

Marks, Acting P. J., and Barnard, J., concurred.