[Civ. No. 7946. Second Appellate District, Division Two.—July 24, 1933.]

WALLACE P. WAGY, Appellant, v. LOUIS B. BRAVE, Respondent.

[Civ. No. 7947. Second Appellate District, Division Two.—July 24, 1933.]

FLORENCE HESS, Appellant, v. LOUIS B. BRAVE, Respondent.

Culbert L. Olsen, Henry L. Knoop, Earl E. Howard and Albert J. Sherer for Appellants.

Joe Crider, Jr., for Respondent.

CRAIG, J.—Two causes emanating from the same transaction and asserted against the same defendant were tried

together before the superior court sitting with a jury, verdicts and judgments in favor of said defendant were rendered, and the plaintiffs appealed upon a single transcript.

While crossing in a northerly direction an easterly and westerly thoroughfare, at an intersection, the plaintiffs were struck by a west-bound automobile which was under the management and control of the respondent. The complaints alleged that the defendant carelessly, negligently and unlawfully drove and operated his said automobile in excess of fifteen miles per hour, toward the south side of said thoroughfare, across the intersection and crosswalk in which the plaintiffs were walking, and in violation of certain pleaded municipal ordinances, without due regard to the traffic, surface or width of said street. The plaintiffs, walking together, were preceded by two friends who first saw the approaching vehicle and hastened toward the northerly curbing, but admitted at the trial that they did not look backward. The plaintiff Hess at first testified that she saw the automobile about one-half block toward the eastward, but thereafter stated that she was on the left side of plaintiff Wagy, and that her view was obstructed. To the following questions the latter testified: "Q. I understand you got past the center line of the street, got north of it at the time you were struck? A. Yes. Q. You got north of it before you looked to your right, didn't you? A. Yes. Q. Now, the next time you looked towards the right was when you were north of the center line of the street, wasn't it? A. Yes." One of the witnesses first mentioned testified: "I don't know, because I was looking the other way, whether it swerved any or whether it went straight ahead. Q. You don't know whether it swerved one way or the other? A. No." Miss Hess swore on cross-examination that she did not see the machine at any time before she was struck. The defendant testified that the accident occurred at about 12:30 or 1 o'clock A. M., that some of the street lights were out but that the top globe of a cluster was lighted; that as he was proceeding at a speed between fifteen and twenty miles per hour he saw two people running across the street at an angle, "then I saw some more, and then I put my brakes on", "I know they were not in the crosswalk."

■ The first ground assigned for reversal urges negligence *per se* on the part of the respondent in driving more than fifteen miles per hour, and attempts to refute any contention that the appellants were guilty of contributory negligence. But the appellants correctly state that under all of the facts presented and circumstances disclosed this latter question remained for the jury to determine. (*Reaugh* v. *Cudahy Packing Co.,* 189 Cal. 335 [208 Pac. 125]; *Davis* v. *Breuner,* 167 Cal. 683 [140 Pac. 586].) "It is the duty of a foot-passenger to look both ways before starting to cross the street, particularly when, as in this instance, the street over which he intends to pass is a busy thoroughfare in the heart of the business district of a great city. . . . The mere fact that defendant Hollenback was violating an ordinance and was, therefore, as a matter of law, guilty of negligence, did not preclude the court from finding that the plaintiff's negligence was the efficient and proximate cause of the injuries suffered by him." (*Davis* v. *Breuner, supra.*) ■ It is also insisted that objections to certain questions as to whether the defendant did not in fact flee from the scene were erroneously sustained. Prejudice from such rulings may only be inferred, and is not claimed, nor does the record warrant such inference. The defendant testified positively: "I stopped my automobile . . . right next to him . . . I picked the man up and the lady. . . . Helped Mr. Wagy." ■ Having previously testified that he was driving at 12:30 or 1 o'clock at about fifteen or twenty miles per hour, objection was sustained to the question, "Was that your speed all the way?" It is contended that testimony by one of the plaintiffs that the car was traveling between thirty-five and forty-five miles per hour at the time of the impact rendered this evidence admissible, as to its speed upon entering the crosswalk. "The question of the remoteness of evidence which is offered with relation to the actions and conduct of a party particularly as to the rate of speed and method of driving an automobile just before a collision occurs, is one which rests so largely within the discretion of a trial court that no positive rule upon the subject can be laid down and for that reason the ruling of the trial judge as to the admission or rejection of that sort of evidence will not be disturbed except upon a clear showing

of an abuse of such discretion." (*Traynor* v. *McGilvray*, 54 Cal. App. 31 [200 Pac. 1056].) The rule was likewise stated in *Ritchey* v. *Watson*, 204 Cal. 387 [268 Pac. 345.]

■ It is objected that an instruction given to the jury at the defendant's request constituted prejudicial error in that it must be implied therefrom that the burden of proof rests with the plaintiff in such cases to establish a want of contributory negligence. The plaintiff Wagy had testified that he had passed the center line of the thoroughfare to the north before looking to the right when he was injured. His coplaintiff also testified that she "didn't look because he was there to look". The jury were instructed in part as follows: "In order to find a verdict for the plaintiffs you must not only find from a preponderance of the evidence that the defendant was negligent, but also that such negligence was the proximate cause of the injuries to plaintiffs, and you must further find that the evidence fails to show by a preponderance thereof that plaintiffs were guilty of negligence, however slight, contributing proximately thereto, otherwise your verdict must be for the defendant." ■ While it is the rule that one who without negligence on his part is suddenly confronted with immediate danger is required to act only as a reasonably prudent person would act under the same circumstances, it can be invoked only by those whose position of peril is not caused by their own want of due care. Where there is some evidence from which the jury may reasonably deem their perilous position due to their want of exercise of due care, such question should not be omitted from the instruction. (*Brooks* v. *City of Monterey*, 106 Cal. App. 649 [290 Pac. 540].) It cannot be said that the charge required evidence on behalf of the plaintiffs, but rather that it properly required an absence of proof to the contrary. If the jury did conclude that a failure of the plaintiffs to look toward the approaching car amounted to the proximate negligent cause of their injuries, it may not be said upon appeal that it was error to consider such evidence.

■ Error asserted on account of a multiplicity of instructions upon the question of contributory negligence and the repetition or similarity of certain expressions used therein, though criticised, is not held a ground for reversal

in authorities cited by the appellants or by others examined. No objection is made to their form or substance, and in such case the error, if any there be, is not sufficient to cause a disturbance of the judgments. (*Ritchey* v. *Watson*, 204 Cal. 387 [268 Pac. 345]; *Metcalfe* v. *Pacific Electric R. Co.*, 63 Cal. App. 331 [218 Pac. 486].)

█ There being no appeal from an order denying a new trial, the appeal from said order in civil case No. 7946 is dismissed. The judgments are affirmed.

Works, P. J., and Archbald, J., *pro tem*, concurred.