EDWARD ACKEL, Appellant, v. AMERICAN CREAMERY COMPANY (a Corporation), Respondent.

George K. Ford for Appellant.

Jesse H. Steinhart and John J. Goldberg for Respondent.

TYLER, P. J.—Action for personal injuries growing out of an automobile collision. Plaintiff was a guest riding in a Buick roadster with his brother-in-law Frederick Salih when the vehicle in which they were riding collided with a truck owned by defendant. The collision occurred in Oakland at the intersection of Fourteenth and Adeline Streets. Defendant's truck was loaded with several tons of fresh milk. There was evidence to show that at the time of the accident the streets were wet and slippery. As is usual in such cases there is a decided conflict in the evidence as to the speed of the different vehicles and their relative positions at the time of the accident. There is evidence to show that the machine occupied by plaintiff was proceeding in an easterly direction on Fourteenth Street while defendant's truck was going west along the same thoroughfare. As the car occupied by plaintiff reached Adeline Street an unidentified automobile proceeding north on that street failed to stop on the south side of such street, notwithstanding a stop signal, and proceeded across the intersection of the two streets. As a result of this interference Salih, the driver of the Buick automobile, applied his brakes in order to stop or slow down so as to permit the trespassing car to cross in front of him. The sudden application of the brakes and the slippery condition of the pavement caused the Buick to skid and turn around several times within the intersection and it was deflected against the left front of defendant's truck, pulling the steering gear out of the driver's hands and causing him to lose control of it. The jury rendered a verdict in favor of defendant. No

question is here raised as to the sufficiency of the evidence to support the verdict in defendant's favor, it being claimed merely that the trial court erred in the rejection of certain evidence and the jury was erroneously instructed on the subject of reasonable care.

In support of the first contention it is claimed that the court erred in refusing to permit a certain witness to testify as to the speed of the truck and its position on the highway when it passed him about a block and a half distant from where the collision occurred, and beyond a street intersection. The purpose of the proffered testimony was to show that the truck was traveling at an excessive speed at this particular point and that it extended over the center of Fourteenth Street. It is claimed that considering the conflict of evidence as to the relative speed of the vehicles at the time of the collision it was error on the part of the court to refuse to receive such testimony. Respondent insists that the evidence, had it been received, would not have been given serious consideration by the jury in view of the fact that it was shown the witness had been convicted of a felony, and subsequent to the accident had solicited and received employment from the owner of the Buick, who also had an action pending against defendant, though he was unacquainted with him prior to the time of the accident. Had the trial court received the proffered evidence its weight would have been a matter for the jury. However, the trial court refused to receive it, concluding that it was too remote. The law is well established in this state that the admission or rejection of evidence as to the rate of speed a vehicle is traveling before a collision occurs rests in the sound discretion of the trial court. The question rests so largely within its discretion that no fast or positive rule can be laid down governing the matter, for which reason the ruling of the trial court as to the admission or rejection of this sort of evidence will not be disturbed except upon a showing of abuse of discretion. (*Ritchey* v. *Watson,* 204 Cal. 387 [268 Pac. 345] ; *Traynor* v. *McGilvray,* 54 Cal. App. 31 [200 Pac. 1056] ; *Wagy* v. *Brave,* 133 Cal. App. 413 [24 Pac. (2d) 209].) Here there is no such showing.

Appellant complains of the court's refusal to give a requested instruction to the effect that a defendant in operating his automobile is not necessarily exempt from liability

for injuries to other persons, occurring in a public street or highway, by showing simply that at the time of the accident he was running such automobile at a rate of speed allowed by law; that he was bound to anticipate he might meet other persons on the highway and was required, in order to avoid a charge of negligence, to keep a reasonable lookout and keep his automobile under such control as would enable him to avoid a collision with another person who was exercising reasonable care, and, if the situation required it, exercise reasonable care to slow up and, if reasonably necessary, stop. Our attention is called to the fact that the transcript does not indicate the above instruction was among those requested by plaintiff. We have been unable to find where such instruction had been refused. In fact, the record shows that the instructions presented by plaintiff and which were given by the court fully cover this subject. In addition thereto the charge of the court fully and fairly instructed the jury upon the subject.

And, finally, appellant complains that the court erred in instructing the jury, at the request of defendant, that in determining any issue as to its negligence, if there was exercised all the care that was reasonably practicable, there was no negligence on its part. It is claimed that by substituting the words "reasonably practicable" for "ordinary care", the court confused the jury and introduced an element of uncertainty by use of the substitution. The words objected to are the equivalent of reasonable care. If defendant exercised all the care that was reasonably practicable it exercised reasonable care. The instruction does not relax or modify the rule of ordinary care. (*Staley* v. *Commissioner of Highways,* 214 Ill. App. 403; *Beck* v. *Board of Commissioners of Shawnee County,* 105 Kan. 325 [182 Pac. 397] ; *Feary* v. *Metropolitan Street Ry. Co.,* 162 Mo. 75 [62 S. W. 452]; *Benjamin* v. *Metropolitan Street Ry. Co.,* 245 Mo. 598 [151 S. W. 91].) Moreover, the court in its instructions repeatedly advised the jury as to the degree of care imposed by law upon defendant and the meaning of the words "reasonable care". The departure complained of does not justify a reversal.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.