[Civ. No. 12206. Second Appellate District, Division Two.—August 31, 1939.]

CHARLES J. LUNDGREN, Respondent, v. HAZEL M. CONVERSE, Appellant.

[Civ. No. 12205. Second Appellate District, Division Two.—August 31, 1939.]

GERTRUDE M. CONVERSE et al., Appellants, v. CHARLES J. LUNDGREN, Respondent.

Nourse & Jones for Appellants.

Joseph A. Spray and Charles P. Gould for Respondent.

WOOD, Acting P. J.—This litigation arose from an automobile accident which occurred at the intersection of Santa Anita Avenue and Blanche Street in the city of Pasadena on the 23d day of December, 1937, at about 5:30 P. M. Respondent, Charles J. Lundgren, accompanied by his wife, was driving in a westerly direction on Blanche Street. Appellant Hazel M. Converse was driving her automobile in a southerly direction on Santa Anita Avenue and was accompanied by appellants Gertrude M. Converse and Flora Converse as well as by two other persons not parties to the litigation.

At the time of the accident it was dark and the headlights of both cars were lit. Respondent was operating his car in the north half of Blanche Street about three feet from the north curb line. Appellant Hazel M. Converse was operating her car in the west half of Santa Anita Avenue. The right front portion of respondent's car struck the left front fender and wheel of appellant's car. The point of impact was west of the center line of Santa Anita Avenue and north of the center line of Blanche Street. Respondent was driving at a speed of not more than 8 miles per hour. Appellant Hazel Converse was driving at a speed variously estimated at between 15 and 40 miles per hour. Each driver testified that he did not see the other prior to the accident.

Respondent commenced this action to recover for his personal injuries and for the wrongful death of his wife as a result of the accident. Appellants Gertrude M. Converse and Flora Converse commenced a separate action against respondent to recover for their personal injuries. The actions were consolidated and tried before a jury which returned all the verdicts in favor of respondent and the judgments from which these appeals are taken were rendered thereon.

Appellants contend that respondent was guilty of negligence as a matter of law in entering the intersection in the manner shown by the evidence. The record discloses that respondent's vision north of 80 feet along Santa Anita Avenue was obstructed by a wall which was built around the property on the northeast corner of the intersection. Re-

spondent testified that as he approached the intersection he slowed down to a speed of about eight miles per hour, at which speed he was traveling at the time of the accident; that he looked once to the left and twice to the right after reaching the east sidewalk line of Santa Anita Avenue; that he could see for a distance of about 80 feet north of the intersection but did not see any automobile approaching the intersection on Santa Anita Avenue. There were two "dips" in the street ahead of him, one on each side of the intersection. Appellant Hazel M. Converse testified that she did not remember looking either to the right or to the left as she entered the intersection and that she did not see respondent's car until after the collision. The situation presented with respect to respondent is not, as contended by appellants, one where a person entirely fails to look and in fact takes no precaution whatever for his own safety in crossing an intersection. The question of negligence under such circumstances would be for the court to determine as a matter of law. (*Stephens* v. *Kaufmann,* 137 Cal. App. 328 [30 Pac. (2d) 536].) It appears from his testimony that respondent did in fact look to the right before entering the intersection and observed no approaching car within the range of his vision, a distance of 80 feet. Whether it was reasonably prudent for him to proceed at a slow rate of speed across the intersection was a question of fact for the determination of the jury and the jury's finding in his favor is amply supported. There was no obligation upon him to constantly keep his eyes to the right. (*Senegram* v. *Groobman,* 30 Cal. App. (2d) 514 [86 Pac. (2d) 859]; *Lee* v. *Stephens,* 8 Cal. App. (2d) 650 [47 Pac. (2d) 1105].) Even if he had observed a car approaching on his right at a distance of 80 feet he would have been under no obligation to stop his own car and let the other car pass. The requirement of section 550 of the Vehicle Code that a driver "approaching an intersection shall yield the right of way to a vehicle which has entered the intersection" was applicable to the situation. A careful driver who first enters an intersection may properly assume that another driver approaching at a distance of more than 80 feet will yield the right of way and thus prevent a collision. (*Keyes* v. *Hawley,* 100 Cal. App. 53 [279 Pac. 674]; *Wynne* v. *Wright,* 105 Cal. App. 17 [286 Pac. 1057]; *Robinson* v. *Clemons,* 46 Cal. App. 661 [190 Pac. 203].)

Appellants further contend that the "uncontradicted evidence establishes that the car occupied by the appellants entered the intersection at or prior to respondent's car entering said intersection; that as a consequence thereof, it was the legal duty of respondent to yield the right of way". Appellants cite section 550 (b) of the Vehicle Code, which provides: "When two vehicles enter an intersection from different highways at the same time the driver of the vehicle on the left shall yield the right of way to the driver of the vehicle on the right." It is undoubtedly true that appellants entered the intersection on the right of respondent but in other respects the contention of appellants is not supported by the record. Aside from the testimony of one of the passengers in appellants' car to the effect that he believed he saw respondent's car and that the two cars entered the intersection at approximately the same time, there is no direct testimony on this point. If the jurors credited the testimony of respondent they could come to no other reasonable conclusion than that respondent's car entered the intersection first. He entered the intersection three feet from the north curb at a rate of speed of approximately eight miles per hour and the speed of the other car was placed at from 15 to 40 miles per hour. The collision took place in the northwest quarter of the intersection. Manifestly respondent's car while proceeding at a much slower speed must have traveled a greater distance than the distance traveled by the car of appellants. The physical facts as well as the testimony of respondent clearly lead to the conclusion that respondent's car was the first to enter the intersection.

Appellants argue that the court erred in permitting the witness Louise Martin to testify that she was in a parked car on the west side of Santa Anita Avenue at about a block and a half north of Blanche Street; that just prior to the accident a green Oldsmobile car passed her going south on Santa Anita Avenue, traveling at a speed of 50 miles per hour and that no other car passed her prior to the accident; that she proceeded to the scene of the accident and identified appellants' automobile as being the green car which had passed her. Other witnesses testified that the car of appellants was blue and not green. It is unnecessary to review the evidence and the arguments of counsel in which the difficulty is discussed of determining whether the car involved in the accident was blue or green. The witness identified the car

that was in the accident as the car which she had seen pass her. It was the function of the jury to pass upon her credibility.

Appellants further argue that the testimony of the witness Martin should have been excluded because of the distance of the witness from the scene of the accident at the time she observed the Oldsmobile car pass her. There were no through streets intersecting Santa Anita Avenue between the point where the witness had parked her car and the point of collision. The question of the remoteness of such testimony is addressed primarily to the discretion of the trial court. (*Ritchey* v. *Watson,* 204 Cal. 387 [268 Pac. 345] ; *Traynor* v. *McGilvray,* 54 Cal. App. 31 [200 Pac. 1056].) We see no abuse of discretion in admitting the testimony.

The judgments are affirmed.

McComb, J., concurred.