## Berryman v. Worthington.

(Decided October 27, 1931.)

J. M. COLLINS for appellant.

B. S. GRANNIS and D. L. WOOD for appellee.

Opinion of the Court by Judge Clay—Affirming.

A car belonging to C. A. Berryman collided with a car belonging to Jacob Worthington on the Germantown road in Mason county. Berryman sued Worthington for damages to his car, and Worthington counter-claimed for damages to his car. The jury refused to award damages to either, and Berryman appeals.

It is first insisted that the verdict is flagrantly against the evidence. The accident happened on the Germantown road at a point about six miles from the city of Maysville. The road is from 14 to 16 feet wide. At the time of the accident, appellant's car was driven by his son, Roy Berryman, and with him were his mother, two sisters and a little brother. Worthington was driving his own car, and with him were a small negro boy and a buck sheep. According to appellant's witnesses, the accident happened at a place where there is a clear and unobstructed view in each direction for several hundred feet. Just prior to the accident, appellee's car was following a car belonging to the Misses Finn. When the Finn car was entering the straightway from the north, the Berryman car was entering the straightway from the south, and traveling on the right-hand side of the center line of the concrete. When about midway of the straightway, and just as the Berryman car was passing the Finn car, Worthington suddenly dashed from behind the Finn car in an apparent effort to pass that car, drove over on the other side of the road, and crashed into the Berryman car. After the accident, the two right wheels of the Berryman car were entirely off the concrete on the right-hand side of the road, and Worthington's car had its front end near the edge of the concrete on Berryman's side of the road, and extended diagonally across the road. On the other hand, according to appellee and his witnesses, the accident happened in the neck of the bend, and not in the straightway. Appellee had been driving behind the Misses Finn for some distance, and did not make an attempt to pass them. While going at a speed of about 25 miles an hour, the Berryman car, which was going about 60 miles an hour, came around the curve, swerved over on appellee's side of the road, and collided with his car. It may be true that the numerical weight of the testimony favors appellant, but as several witnesses on each side testified, not only to the place of the accident, but the side of the road on which it occurred,

and the speed at which the two cars were moving, it is at once apparent that the questions of negligence and contributory negligence were for the jury, and that there is no sound basis for the contention that its finding is flagrantly against the evidence.

Complaint is made of instruction No. 1, in that in setting forth the respective duties of the drivers the court told the jury that it was the duty of each driver, when approaching a curve or an obstruction to the view for a distance ahead of at least 150 feet, to have his car under reasonable control, and each keep to its right side of the road, and each give warning by horn or other device of his approach, and each to use ordinary care at all times to avoid collision. It is argued that the employment of the words, ''and each give warning by horn, or other device of his approach,'' was improper. It will be observed that the court did not tell the jury, that it was the absolute duty of each driver to give warning by horn or other device of his approach, but imposed such duty, only in the event that he was approaching a curve or obstruction to the view of a distance ahead of at least 150 feet. Therefore, the instruction conforms to, and follows the language of, the statute, section 2739g-47, Kentucky Statutes, and, the evidence being conflicting as to whether the circumstances were such as to call for the application of the rule, there is no merit in the insistence that the instruction is erroneous in the respect claimed.

Lastly, it is insisted that the court erred in permitting the witness Boyd to testify that the Berryman car passed him at a place about two and one-half miles from the accident, and that his car was going about 40 miles an hour. If this were all, there can be no doubt that the evidence should have been excluded. Consolidated Coach Corporation v. Hopkins' Adm'r, 238 Ky. 136, 37 S. W. (2d) 1; Stevens v. Potter, 209 Ky. 705, 273 S. W. 470. But the witness did not stop there. He further testified that, after the Berryman car passed him, he maintained the same rate of speed to the place of the accident, and never overtook the Berryman car. As what occurred two and one-half miles from the accident was followed by other evidence bearing on the speed of the Berryman car at the time of the accident, appellant was not prejudiced by the evidence complained of.

Judgment affirmed.