## BRADFORD *v.* STATE.

(Division B. March 13, 1933. Suggestion of Error Overruled April 10, 1933.)

[146 So. 635. No. 30485.]

McKeigney & Latham, of Eupora, **W. J. Evans**, of Calhoun City, and **W. I. Stone**, of Coffeeville, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Anderson, J.,** delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Calhoun county of the crime of manslaughter and sentenced to the penitentiary for a term of five years. From that judgment he prosecutes this appeal.

This is the second appearance of this case in this court. There was a former trial and conviction, and on appeal to this court there was a reversal of the judgment and a remand of the case. The case as it stood on the former appeal is reported in 158 Miss. 210, 127 So. 277. With the following exception the case now before the court, in all substantial respects, is the same as it was when it was here before: The instruction given the state on the first trial which was held to be error and for the giving of which the judgment was reversed was left out of the case on the last trial.

The husband of the deceased testified as to how far the Ford car in which his wife was riding was knocked as the result of being struck by appellant's car. The evidence showed that she was found near her car. The witness, in testifying, stated that he could go within one foot of where his dead wife lay. Appellant argues that this

statement had no bearing on the issue and was calculated to prejudice his rights before the jury. We do not think there is any merit in this contention.

Over appellant's objection the court admitted the testimony of the witness Fondren as to the speed of appellant's car at a point something like a mile north of where his car ran into the one occupied by the deceased. This witness testified that he was on the porch of his home when appellant passed; that at the time he was going from fifty to fifty-five miles an hour; that he had the cut-out to his car open and it sounded like an aeroplane; that he heard the crash resulting from the collision; that from the time he first heard the cut-out, the exhaust of appellant's car never slowed down until the collision. To support his contention appellant refers to the case of Ronning v. State, 184 Wis. 651, 200 N. W. 394, 396. In that case the court held that in a prosecution for manslaughter based on the negligent operation of an automobile testimony as to the speed of the defendant's car a mile or more from the place of the collision—that it was going "real fast"—was not admissible. The court said, among other things, in that case: "The opinion of a witness who testifies as to a car going 'fast' or 'real fast,' or 'slow' or 'real slow,' can only be persuasive when a comparison is made with certain other vehicles whose speed is known, or where certain facts and circumstances are shown, from which an approximate estimate can be made as to what a witness really means by such an expression."

The question here is a very different one from that passed on in the Wisconsin case. Here the witness testified that the car was making from fifty to fifty-five miles an hour and judging from the sound of the exhaust the speed was not lessened before the collision occurred. We think the evidence of this witness had probative value and was properly admitted by the court.

The court refused appellant an instruction to the effect that no signal was given by the deceased to show her intention of turning across the road to the west in order to enter the premises where she lived. Miss Bryant and Mrs. Murff both testified that the deceased threw out her left hand as she turned across the road to the west. As to whether appellant did see the signal or could have seen it by reasonable care under all the conditions and circumstances was a question for the jury. There was no error therefore in refusing the instruction.

The court refused appellant an instruction to the effect that the deceased was negligent in projecting her car across the road in the manner shown by the evidence. This was a question for the jury, therefore the instruction was properly refused.

Appellant argues that the judgment ought to be reversed because of abuse of argument by the district attorney. This is what occurred: The district attorney used this language: "Gentlemen of the jury, this poor woman was cast into eternity without a moment's warning and was sent back dead to her loving husband and the children God had given her, who were made orphans as a result of the reckless driving of this speed demon." In response to appellant's objection to the language, the court said: "Gentlemen of the jury, you are to try this case on the law and the evidence, and if counsel go beyond this you will not pay any attention to it." Thereupon appellant moved the court to enter a mistrial, which motion was overruled. This was not an abuse of argument by the district attorney. Blackwell v. State, 161 Miss. 487, 135 So. 192, 137 So. 189; Callas v. State, 151 Miss. 617, 118 So. 447.

The witness Gamblin testified on behalf of appellant. He fixed the speed of appellant's car at something like forty miles an hour. On cross-examination by the state, the witness denied stating in the presence of Ollie Wilson

304

and Jess Sheffield that appellant's car was going about as fast as he had ever seen one travel. On rebuttal the state introduced Wilson and Sheffield who testified over appellant's objection that at the time and place referred to Gamblin stated that appellant's car was going about as fast as he had ever seen one driven. Appellant argues that under the authority of Cofer v. State, 158 Miss. 493, 130 So. 511, 512, this evidence was not admissible. The court held in that case, following a long line of decisions referred to in the opinion, that a witness could not be contradicted or impeached on an immaterial or collateral matter, and that the test of whether or not a fact inquired about on cross-examination is collateral is this: "Would the cross-examining party be entitled to prove it, as a part of his case, tending to establish his plea?" Certainly it would have been competent for the state to introduce Gamblin as a witness to prove the fact which Wilson and Sheffield testified he stated to them. The inquiry was therefore not in reference to a collateral and immaterial matter. Witt v. State, 159 Miss. 478, 132 So. 338.

Affirmed.