GLENN PRINCE, ADMINISTRATOR, APPELLANT, V. WALTER
PETERSEN, DOING BUSINESS AS NIELSEN & PETERSEN
COMPANY, ET AL., APPELLEES.

12 N. W. 2d 704

FILED JANUARY 14, 1944. No. 31689.

*Harold A. Prince* and *R. A. Haggart,* for appellant.

*A. J. Luebs* and *Chambers, Holland & Locke, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE,
YEAGER, CHAPPELL and WENKE, JJ.

YEAGER, J.

This is an appeal in an action for damages by Glenn
Prince, administrator of the estate of Lawrence H. Prince,
deceased, plaintiff and appellant, against Walter Petersen,

doing business as Nielsen & Petersen Company, and Charles D. Watson, defendants and appellees, originally instituted in the district court for Hall county, Nebraska, for the death of Lawrence H. Prince, deceased. Lawrence H. Prince was killed in a collision of two motor vehicles on February 28, 1942, at Darr, Dawson county, Nebraska, and it is claimed that death was caused by the negligence of the defendants. The case was tried to a jury which resulted in a verdict and judgment in favor of the defendants. From an order overruling motion for new trial and this judgment the plaintiff has appealed. Numerous assignments of error are set forth in the brief of appellant.

Certain uncontroverted facts as disclosed by the record are the following: On the evening of February 28, 1942, the deceased, Lawrence H. Prince, and his wife were riding in a Buick sedan with one Leonard Curren and his wife. The sedan was the property of Curren. They were proceeding westward on the Lincoln Highway or United States Highway No. 30 in Dawson county, Nebraska. Prince and Curren were in the front seat and the wives of the two men were in the rear seat. When they arrived at the town of Darr, which was near 9:30 p. m., they had a head-on collision with a truck, or as it is termed, a semi-pickup truck, which was at the time being driven by defendant Watson in an easterly direction. The truck weighed about 13,000 pounds and it had on it a load of about 3,000 pounds. Watson at the time was in the employ of the defendant Petersen and was in the performance of service in the line of his employment. As a result of the collision Prince, Curren and Mrs. Curren received injuries as a result of which they died before any one appeared on the scene. Mrs. Prince received injuries as a result of which she died two days later. The night was dark and the highway was covered with snow and was slippery therefrom. Heavy wet snow was falling at the time as it had been for some considerable period before. It appears that the outlines of the paving, which was about 20 feet in width, were not discernible.

The claim of the plaintiff is that the collision was the re-

sult of the negligence of the defendant Watson which was attributable also to the defendant Petersen because of the employer-employee relationship. The specifications of negligence, briefly stated, are the following: That the truck was operated carelessly, recklessly and at a dangerous, excessive and unlawful rate of speed taking into consideration the condition of the highway, its use and the traffic thereon; that the truck at the time was being operated on its left side of the highway; that the defendant Watson failed to accord the automobile in which the deceased was riding an equal portion of the highway; that the defendant Watson failed to have the truck under control; that defendant Watson failed to keep a proper lookout; that defendant Watson failed to divert the course of the truck when he saw, or, in the exercise of ordinary care, should have seen the automobile, in which plaintiff's decedent was riding, in a position of peril; that the defendant Watson failed properly to apply the brakes of the truck; and that defendant Watson failed, neglected and refused to bring the truck to a stop in the presence of imminent danger which he perceived or should have perceived.

The answers contained general denials of negligence and to the extent necessary to be set forth here, allegations that the collision was caused by the negligence of the driver of the automobile in which Prince was riding, as follows: That he operated it at a rate of speed which was not reasonable and proper under the circumstances; that he suddenly crossed the center of the highway into the path of the truck; that he failed to have the automobile under reasonable control; and that he failed to drive on the right-hand side of the highway.

It is also alleged in the answers that the deceased was guilty of contributory negligence but this issue was not submitted, therefore the specifications do not require mention here.

In support of his tendered issues the plaintiff sought to show by evidence that the defendant Watson was at the time of the collision driving on his left-hand side of the

highway. There were no eyewitnesses except the defendant and the occupants of the automobile in which Prince was riding. These latter, as has already been pointed out, were dead. Proof depended upon testimony as to the physical facts, that is, tracks, location of vehicles, condition of the vehicles, debris', etc., and legitimate inferences to be drawn therefrom, and statements, if any, of the defendant Watson.

The first assignment of error to which we direct our attention is that the court erroneously refused to admit in evidence on offer of plaintiff what was claimed to be an admission or admissions against interest by the defendant Watson. Prior to the trial of this case, but in another case pertaining to the accident in question, the deposition of Watson was taken. In his deposition the following questions and answers appear: "Q. Regardless of what anything shows you know and you testify now as a positive fact that from the time you saw this Buick car up until the time of the accident was all over and the cars came to a stop you had not turned your car in either direction? A. That's right. * * * Q. On what side of the road, will you tell the court and the jury, your car was and the other car was after the accident? A. Well, sir, both on the north side of the road. * * * A. I know where I was all the time. * * * Q. And so then as near as you can tell us after the cars came together your truck continued to move forward to the east, did it? A. Yes, sir. Q. And as near as you can tell us in a straight line? A. Yes, sir. Q. And you pushed the other car, the Buick, back towards the east? A. Yes, sir." There is no contention that this testimony, if admitted, would have been binding on the defendant Petersen. The offer was specifically limited to defendant Watson.

That this evidence was material on the matter of the negligence can hardly be questioned. It was informative as to the position of the truck on the highway at the time of the accident as well as to the side on which it was moving immediately prior thereto. As already set out it is the claim of plaintiff that Watson was driving on his left side of the highway. His left side would be the north side.

This evidence was clearly admissible as original evidence. In *Young v. Kinney,* 79 Neb. 421, 112 N. W. 558, in concluding that evidence given at another hearing in the nature of admission against interest was admissible as original evidence without foundation, it was stated: "The admissions and declarations of a party to an action against his own interest, in a material matter, may be proved as original evidence, and it is unnecessary to lay any foundation in the cross-examination of such party, where he has testified in his own behalf." This rule applies as well where the admission against interest is contained in a deposition. *Berggren v. Hannan, O'Dell & Van Brunt,* 116 Neb. 18, 215 N. W. 556; *Luikart v. Korbmaker,* 128 Neb. 199, 258 N. W. 263; *Brown v. Mulready,* 140 Neb. 500, 300 N. W. 421.

The appellees contend that if the refusal to admit this evidence when offered was error it was cured, because on cross-examination, while a witness for the defendants, Watson admitted that he made the statements. In support of their position defendants cite *Lamb v. Briggs,* 22 Neb. 138, 34 N. W. 217, and *Epley v. Lovell,* 5 Neb. (Unof.) 251, 97 N. W. 1027. Neither of these cases deals with a comparable situation. The former has no reference to admission against interest. In the latter a bill of sale was not admitted in evidence. The court held that this was not error since the bill of sale was pleaded in the answer and admitted by the reply. The inevitable conclusion to be arrived at from this is that because of the pleading and the admission the bill of sale was before the court for all purposes without necessity for its introduction in evidence.

We hold that plaintiff was entitled to have this offered evidence admitted as a part of his case in chief and that its rejection was prejudicially erroneous.

Complaint is made that the court erred in refusing to give instruction No. 1 tendered by the plaintiff or one of like import. The tendered instruction is the following: "You are instructed that the evidence with respect to the speed of the car in which plaintiff was riding, when it is claimed that the car passed either and both the Cline car

and the Bishop car, is withdrawn from your consideration, and you are instructed to disregard the same as though said evidence had never been introduced."

The background for this tendered instruction is testimony that about two miles east of the scene of the accident an automobile partially identified as the automobile in which plaintiff's decedent was riding passed one which was being operated by Elmer Cline. Mrs. Cline was riding with Mr. Cline. Mrs. Cline was permitted to express the opinion that the automobile was proceeding at a speed of about 50 miles per hour. At some point within 5 miles east of the scene of the accident an automobile again partially identified as that in which plaintiff's decedent was riding passed the automobile in which Charles W. Bishop and Marjorie Burchell were riding. Mrs. Burchell was driving and Mr. Bishop was with her in the front seat. Mrs. Burchell was allowed to give as her opinion that the automobile was proceeding at about 50 miles per hour. Mr. Bishop said it was going very fast and that it cut in sharply.

The plaintiff requested by the tendered instruction that the jury be instructed to disregard this testimony as to speed, first, because the automobile which passed these other automobiles was not sufficiently identified as the one in which plaintiff's decedent was riding and, second, because no proper inference could be drawn that the automobile in which plaintiff's decedent was riding was proceeding at 50 miles per hour at the time of the accident from the fact that it was proceeding at that speed at points two and five miles distant.

On this subject this court said in *Schwarting v. Ogram,* 123 Neb. 76, 242 N. W. 273: "This question of the admissibility of the speed of a vehicle shortly prior to the time of the accident rests largely in the discretion of the court." This rule was approved in *Showers v. A. H. Jones Co.,* 126 Neb. 604, 253 N. W. 902. The rule as announced in *Schwarting v. Ogram, supra,* was dependent upon an estimate of speed at a point about 600 feet from the point of the accident. The approval of the rule in *Showers v. A. H. Jones*

*Co., supra,* was dependent on an estimate of speed at a point about 180 to 200 yards from the point of the accident. Here the distances were two and five miles and there is an entire absence of testimony as to fact or circumstance from which a reasonable inference could be drawn that a speed of 50 miles per hour was maintained from the time the automobile in which plaintiff's decedent was riding passed these other automobiles, if it was the automobile in which plaintiff's decedent was riding that did pass.

The rule of these cases is hereby approved but the discretion therein contemplated does not permit the admission of evidence of speed at other points unless the points are of such close proximity that a reasonable inference could be drawn that it was continued to the point of accident, or unless, if more remote, there is evidence of fact or circumstance from which a reasonable inference could be drawn that speed was continued at approximately the same rate over the intervening distance.

Evidence of fact and circumstance from which a reasonable inference could be drawn that the speed of the automobile in which plaintiff's decedent was riding was maintained at about 50 miles per hour being absent it becomes necessary to hold that the trial court abused its discretion in permitting the evidence complained of under this assignment of error to be considered by the jury.

The other assignments of error deal with admission and rejection of evidence, and instructions given and refused. They are without substantial merit and will be thus disposed of without further discussion.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.