BENNETT, et al. *v.* HARDWELL, et al.

May 19, 1952.

No. 38334 (59 So. (2d) 82)

Hugh N. Clayton, for appellants.

Barnett, Jones & Montgomery, for appellees.

**Roberds, P. J.**

This suit grows out of an automobile collision. Bennett, the complainant, 20 years of age, and four other young men about the same age, were traveling south on U. S. Highway 51 in a Chevrolet automobile. Hickey was driving. Defendant, Tom J. Hardwell, and certain members of his family, were traveling north in a Lincoln automobile on the same highway. Hardwell was driving. There was a collision between the two cars about eight miles south of Pickens, Mississippi. The highway at that point is straight and runs north and south. Complainant suffered severe personal injuries, necessitating an expenditure of some six hundred dollars for ambulance, doctor and hospital bills. These injuries and expenses, according to the contention of complainant, resulted from the negligence of Hardwell in driving at an excessive rate of speed and on the wrong (west) side of the center line of the road. Hardwell denied these

allegations and said the wreck was the result of the negligence of the driver of the Chevrolet car in being on the east side of the center line. The chancellor decided the question in favor of Hardwell and dismissed the bill. Complainant appeals. He urges on the appeal that the decision of the chancellor was against the great weight of the evidence and the cause should be reversed and remanded for new trial on that issue. We do not decide that question because we are reversing and remanding the cause on another ground, which will naturally result in that issue being again reconsidered and decided.

The cause is in chancery because Hardwell, who is a resident citizen of Louisiana, had conveyed to his seven year old stepson, six days after the accident, forty acres of land located in Hinds County, Mississippi, and one object of the proceeding is to set aside that deed.

The chancellor excluded certain testimony given by J. W. Bee and Miss Marilyn Perkins. This testimony related to the speed at which, and the reckless manner in which, Hardwell was driving his car a short distance from, and a few moments before, the accident. Bee, a resident of Brookhaven, Mississippi, with certain members of his family and Miss Perkins, were traveling north on Highway 51 in a Buick automobile. Bee was driving and Miss Perkins was riding on the back seat of the car. Bee said that some four or five miles south of the scene of the accident he noticed through his rearview mirror the Lincoln car (being driven by Hardwell, it later developed), trying to pass him; that it would pull into the left lane and then be forced to re-enter the right or east, lane by oncoming traffic; that finally Hardwell did pass him; that the passing car was running very fast; that he, Bee, looked at his own speedometer which then showed his speed to be 72 miles per hour, that he continued to watch the Hardwell car as it traveled north; that Hardwell swerved into the west lane and passed other cars, one going up a hill, and it was being driven in this manner until the accident occurred some

two-fifths of a mile ahead of him. This was the part of Bee's evidence the court excluded. It admitted his testimony that he quickly arrived at the scene, had the ambulance called and that the skid marks indicated that Hardwell was on the wrong side of the road.

Miss Perkins testified, in substance, as did Bee as to the speed of the Hardwell car and the reckless manner in which it was being driven before, when and after it passed the Bee car. This was some four or five minutes before the accident. The chancellor excluded that testimony.

The excluded testimony was competent under the circumstances of this case. It pictured the manner in which Hardwell was driving just prior to and a short distance from the scene of the accident, and the proof is he continued to drive in the same manner until the accident occurred. This was not proof of negligence disconnected in time and space from the collision. Here the negligence was continuous according to this testimony. It sheds light upon the conduct of Hardwell at the time of the accident. 5 Am. Jur., p. 849, par. 626; 65 C. J. S., Negligence, Sec. 222, p. 1041, par. 222; Sims v. State, 149 Miss. 171, 115 So. 217; Bradford v. State, 166 Miss. 296, 146 So. 635. In Faust v. State, 212 Miss. 464, 54 So. (2d) 724, while the question was not specifically raised, the opinion assumed as competent testimony of like character to that under consideration. The three Mississippi cases involved criminal charges—the more the reason for excluding the testimony if incompetent. In Perez v. Fayard, 5 Cir., 64 F. (2d) 667, 669, a Mississippi civil case, the court said: "Pucheo's testimony was objected to because he was unable to say that the speed of the Lincoln was maintained after it passed his house. There is nothing in this contention, especially since according to other witnesses the speed was not immediately reduced as the car proceeded from Pucheo's house towards the intersection". In the case at bar there is ample evidence that the manner of driving and

speed of the Hardwell car continued from the time he passed Bee until the collision occurred. This was important testimony. Its exclusion was reversible error.

Since the cause is to be retried it is necessary for us to note other questions raised as to the admissibility of evidence.

Hardwell testified he was going north and the Chevrolet was traveling south. He said "The first I knew, the car in front of me zigzagged three times. He got out in front of my car, which my left side of my car hit his left side."

■ ■ Mrs. Hardwell testified that the Chevrolet zigzagged three times and made a U-turn in front of the Lincoln. Complainant objected to this testimony as being at variance with the allegations of the answer of defendants as to the movements of the Chevrolet. The chancellor admitted this testimony. Appellant says that was error. The answer stated "* * * the Chevrolet suddenly turned to its left, crossed the center line of the concrete paved highway and ran into the eastern lane of said highway on which the Lincoln was, directly into the path of the Lincoln automobile". We do not think this testimony was at such variance with the answer as to render the testimony inadmissible. The effect of the answer is to place the Chevrolet in the east lane. The testimony also does that. Only ultimate facts need be pleaded. Testimony may give details to establish those facts.

■ ■ Mrs. Hardwell was asked whether she and Mr. Hardwell did, or did not, say to Mr. Hickey and Mr. Murray, fathers of two of the injured boys, in an interview a few days after the accident, that the Chevrolet came into Highway 51 from a side road and then "weaved back and forth and caused the collision". Objection was sustained to this testimony. It is urged by appellees that whether the Chevrolet came into Highway 51 from a side road is immaterial. We think the testimony was competent for what it was worth. There was

some dispute as to exactly where the accident occurred; besides, coming into Highway 51 from a side road and turning into that highway had some slight bearing upon the manner in which Mr. and Mrs. Hardwell said the Chevrolet was being driven and its location in the road at the time of the collision. At least, if they said on one occasion the Chevrolet came into Highway 51 from a side road just as the accident occurred and upon another occasion said it did not do that, the contradiction was so closely connected with the accident as to be admissible for whatever weight it might have.

Reversed and remanded.

**Hall, Lee, Arrington** and **Ethridge, JJ.,** concur.