## SEERATY v. PHILADELPHIA COCA-COLA BOTTLING CO., Inc.

### No. 10726.

United States Court of Appeals
Third Circuit.

Argued June 16, 1952.
Decided July 18, 1952.

Isadore H. Bellis, Philadelphia, Pa. (Herbert F. Kolsby, Robert M. Bernstein, Philadelphia, Pa., on the brief), for appellant.

Thomas E. Comber, Jr., Philadelphia, Pa. (Augustus S. Ballard, Philadelphia Pa., Pepper, Bodine, Stokes & Hamilton, Philadelphia, Pa, on the brief), for appellee.

Before MARIS, McLAUGHLIN and HASTIE, Circuit Judges.

McLAUGHLIN, Circuit Judge.

In a negligence action for personal injuries there was a jury verdict below in favor of the defendant. Plaintiff appeals from the judgment entered thereon. Pennsylvania law governs this diversity of citizenship case.

On August 28, 1948, plaintiff was one of the owners of a Philadelphia drug store and active in its operation. Among other equipment in the store there was a cooler for bottled soft drinks. This contained Coca-Cola and other beverages. According to the plaintiff, all of the bottles of Coca-Cola in the cooler and on the shelf alongside of the cooler had been delivered by the defendant company the previous day. Plaintiff said that he had drained the cooler the morning of his accident and had not observed any foreign substance in it. That afternoon, he stated, he opened the lid of the cooler and as he did he heard an explosion from within it and felt something going into his eye. It is not disputed on this appeal that what happened was that a Coca-Cola bottle broke and that a fragment of the bottle struck plaintiff's right eye.

Plaintiff's sole appeal point is that the court erred in refusing to submit to the jury an instruction requested by him under the following circumstances. After the charge proper had been concluded the court asked counsel if there was anything they wished "* * * to correct or take exception to or add." Counsel for the plaintiff then asked the court to charge "* * that the particular dereliction of the defendant does not have to be shown, that the negligent act from the plaintiff's point of view is demonstrated by a showing of the accident itself." The court replied, "Well, I think I have covered the question of neg-

ligence, and you did not request that. I do not think I will charge that."

The request was untimely and was not in writing. Rule 51, Federal Rules of Civil Procedure, 28 U.S.C. But apart from that, we think the district court's charge fully and fairly covered the applicable rules of law. Plaintiff interprets the requested instruction as an expression of his view that under Pennsylvania law res ipsa loquitur or the doctrine of exclusive control is applicable to the facts of this case.

We put to one side a trial court's duty in instructing the jury in a res ipsa loquitur situation, for we think that doctrine is inapplicable here. Just one year ago the Supreme Court of Pennsylvania in Ambrose v. Western Maryland Ry. Co., 368 Pa. 1, 11, 81 A.2d 895, quoted what this court said in Sierocinski v. E. I. Du Pont De Nemours & Co., 118 F.2d 531 at page 535: "The rule of res ipsa loquitur has been limited in its application by the courts of Pennsylvania to cases involving injury to passengers through the transportation operations of common carriers or to patrons of utilities dispensing a service which, if not properly managed and controlled, may readily prove dangerous." All of the Pennsylvania res ipsa loquitur cases cited by plaintiff fall into these two categories. In Ryan v. Adam Scheidt Brewing Co., 3 Cir., 197 F.2d 614, which bears some factual resemblance to plaintiff's version of this one, we expressly declined to say that the doctrine of res ipsa loquitur is applicable in cases of this kind.

Plaintiff is left with the complaint that under the doctrine of exclusive control he was entitled to have the jury instructed that if they believed his testimony and that of his witnesses they could attribute the explosion of the Coca-Cola bottle to defendant's negligence. The point is without substance in this case for the district court had already gone one step further than the plaintiff sought in the requested instruction. It is true that he did not specifically instruct the jury that they could permissibly draw the inference of defendant's negligence if they credited plaintiff's testimony. He chose to state the proposition in its ultimate fashion, that if they believed the accident occurred as could be inferred from the plaintiff's case and including circumstantial evidence they should find for the plaintiff. That method entirely eliminated the pertinency of the first part of the plaintiff's request " * * * that the particular dereliction of the defendant does not have to be shown, * * *." Presumably for that reason that portion of the request is not referred to at all in the argument on behalf of the plaintiff. The hotly controverted issue before the jury was whether the bottle simply exploded at the instant plaintiff opened the cooler or whether it was caused to break, as defendant's expert testified, due to a blow from the outside. A glass expert testified to support the plaintiff's theory. With all the evidence before it the jury preferred to reject the plaintiff's version of the accident. The record fully supports their finding for the defendant.

The judgment below will be affirmed.