**WITT v. MERRILL et ux.**
**No. 6740.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 11, 1954.
Decided Jan. 30, 1954.

1. See 74 S.Ct. 320.

See also 208 F.2d 285.

William E. Chandler, Jr., Greenville, S. C., and Charles J. Henderson, Charlotte, N. C. (Henderson & Henderson. Charlotte, N. C., and Chandler & Chandler, Greenville, S. C., on the brief), for appellant.

Alfred F. Burgess and C. T. Wyche, Greenville, S. C. (Wyche, Burgess & Wyche, Greenville, S. C., on the brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a verdict and judgment for defendant in an action for damages growing out of an automobile collision. Plaintiff contends there was error in admitting in evidence a motion picture taken of plaintiff without his knowledge showing that he did not display at that time the disabilities which he manifested in the presence of the jury, in allowing testimony as to another accident, in refusing to charge that the defendant was guilty of negligence per se in failing to control the speed of her automobile so as to avoid colliding with plaintiff's automobile and in refusing to set aside the verdict and grant a new trial on the ground that the verdict was contrary to the evidence. There is no merit in any of these contentions. The motion picture was clearly admissible and it was not rendered inadmissible merely because it was torn when being shown before the trial judge and had to be spliced for the showing before the jury. An examination of the picture clearly demonstrates that no prejudice could have resulted to the plaintiff from this circumstance. The testimony as to the injury and damage sustained in a subsequent collision in which plaintiff was involved was ad-

# 134

missible as tending to show that the injury and damage of which plaintiff complains may have originated otherwise than out of the collision for which defendant is sued. The trial judge correctly charged the jury on the question of negligence and no more specific instructions were seasonably requested in writing as required by the rules of civil procedure. Even if the statute relating to control of speed had application to the case, therefore, and we do not think that it does, the plaintiff could not complain of the charge. So far as the motion for new trial is concerned, this was a matter resting in the sound discretion of the trial judge; and we cannot say that there was any abuse of discretion here shown. Kirstner v. Atlantic Greyhound Corp., 4 Cir., 190 F.2d 422. While the evidence shows that there was negligence on the part of defendant in running into plaintiff's automobile, there was also evidence to the effect that plaintiff did not sustain any substantial damage as a result thereof.

The case was fairly tried before an able and experienced trial judge, the jury was fully and correctly instructed upon the simple principles of law applicable to the case and we see no ground upon which the verdict and judgment can justly be disturbed.

Affirmed.