## COMINS v. SCRIVENER.
### No. 4815.

United States Court of Appeals,
Tenth Circuit.

July 7, 1954.

Arthur E. Small, Jr., Denver, Colo. (McAtee & Toulouse, Albuquerque, New Mexico, Sol Cohen, Denver, Colo., were with him on the brief), for appellant.

William W. Gilbert, Santa Fe, New Mexico, (Carl H. Gilbert and L. C. White, Santa Fe, New Mexico, were with him on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Jay Comins instituted this action against Robert Scrivener to recover damages for personal injuries sustained and expenses incurred as the result of a traffic accident which occurred on the highway between Santa Fe and Las Vegas, New Mexico. Each of the parties was driving his automobile on the highway, plaintiff going north and defendant south. The two automobiles collided and *both parties suffered personal injuries.* The court submitted to the jury the issues of primary negligence and contributory negligence. The issue of primary negligence submitted was whether as the defendant approached the crest of a hill, he crossed the center of the highway and went onto the left side thereof for the purpose of passing another automobile also going south and while on the *wrong* side of the highway his automobile and that of the plaintiff collided. The issue of contributory negligence submitted was whether plaintiff was traveling at a dangerous rate of speed, in excess of the maximum speed permitted by the law of the state. The jury returned a verdict for the defendant; judgment was entered upon the verdict; and the plaintiff appealed.

■■ *Error is assigned upon the admission of certain testimony given by the witness Schifani.* The substance of the testimony was that the witness was traveling by automobile between Santa Fe and Las Vegas, going north; that he slowed down in order to pass around an automobile which had been stopped on the highway for the purpose of changing a tire; that while he was slowed down, plaintiff passed him; that at the time of such passing, plaintiff was traveling at a terrific rate of speed, estimated by the witness to be ninety miles per hour; that after passing around the stopped car, the witness picked up speed and traveled at about sixty miles per hour; that he next saw plaintiff's automobile when he came upon the scene of the accident; and that in his best judgment the distance from the point where plaintiff passed him to the point of the

accident was three, five, or ten miles. *It is argued that the testimony tending to show the speed of plaintiff's automobile at a remote distance from the place of the accident was wholly immaterial and prejudicial.* It is the general rule that the question whether evidence shall be admitted tending to show the rate of speed of an automobile at a time and place other than that at the instant of or immediately prior to the accident depends upon the facts in the particular case and rests largely in the discretion of the trial court. Ries v. Cheyenne Cab & Transfer Co., 53 Wyo. 104, 79 P.2d 468; Hanson v. Schrick, 160 Or. 397, 85 P.2d 355; Pruitt v. Krovitz, 59 Cal.App.2d 666, 139 P.2d 992; Roushar v. Dixon, 231 Iowa 993, 2 N.W.2d 660; Prince v. Petersen, 144 Neb. 134, 12 N.W.2d 704; Walsh v. Murray, 315 Ill.App. 664, 43 N.E.2d 562; Smith v. Neibauer Bus Co., 328 Mass. 624, 105 N.E.2d 238; Slate v. Saul, 185 Va. 700, 40 S.E.2d 171. And the competency of such testimony does not always depend entirely upon specific distance or time but upon causal connection. Bryant v. Brown, 278 Mich. 686, 271 N.W. 566.

■ The testimony given by the witness Schifani did not merely show the speed at which plaintiff was traveling at a point three, five, or ten miles from the point of the accident. In addition, it showed circumstances from which the jury could reasonably infer that after plaintiff passed the witness he continued to travel at an excessive and dangerous rate of speed up to the point of the accident. It showed circumstances upon which the jury could reasonably predicate the deduction that plaintiff's dangerous rate of speed in excess of that permitted by the law of the state continued up to the point of the accident, otherwise the witness traveling at sixty miles per hour would not have fallen so far behind plaintiff that he did not see plaintiff's automobile again until he arrived at the scene of the accident. The testimony was admissible as tending to show the speed at which plaintiff was traveling when he passed the witness and also as

tending to show circumstances from which it could be inferred that such speed continued up to the point of the accident. Dromey v. Inter State Motor Freight Service, 7 Cir., 121 F.2d 361; United States v. Uarte, 9 Cir., 175 F.2d 110; Tyrrell v. Goslant, 93 Vt. 63, 106 A. 585; Acme Poultry Corp. v. Melville, 188 Md. 365, 53 A.2d 1; Berryman v. Worthington, 240 Ky. 756, 43 S.W.2d 5; Missouri Pacific Transportation Co. v. Mitchell, 199 Ark. 1045, 137 S.W.2d 242; Bennett v. Hardwell, 214 Miss. 390, 59 So.2d 82. And the testimony was admissible for another purpose. In addition to the testimony already outlined, the witness testified that as he approached the scene of the accident he saw a man in a pickup truck and that he directed the man to halt approaching traffic. The man in the pickup truck was a witness at the trial. He testified that he met plaintiff's automobile at a point about 100 to 150 feet south of the point of the accident; that plaintiff's automobile was traveling terrifically fast; that it was going at more than seventy miles per hour; that it may have been going at ninety miles per hour; that within a few seconds he heard a noise behind him which sounded like a blowout; that he looked back and saw that an accident had occurred; that he stopped and went back to the scene; and that he afterwards stopped approaching traffic. The testimony of the witness Schifani was admissible for the purpose of showing circumstances which tended to corroborate the testimony given by the driver of the pickup truck in respect to the speed of plaintiff's automobile when only 100 to 150 feet from the point of the accident. Ritchey v. Watson, 204 Cal. 387, 268 P. 345.

■ The next contention is that the court erred in permitting the witness Schifani to describe in detail the manner in which plaintiff passed him. The witness merely explained that a certain automobile was immediately in front of him; that both automobiles were traveling at about the same rate of speed; that the two automobiles approached an automobile which had been stopped on the highway for the purpose of changing a tire; that as the automobile immediately in front of the witness slowed down; the witness also reduced the speed of his automobile; that the automobile immediately in front of the witness went around the stopped automobile; and that as the witness started to pass around the stopped automobile, plaintiff passed him traveling at a speed estimated by the witness to be more than ninety miles per hour. The explanation of the witness did not inject into the case any secondary or subsidiary issue of a distracting or confusing nature, did not exceed appropriate limits, and did not constitute prejudicial error.

■ The action of the court in refusing a tender of proof made in the course of the redirect examination of a state policeman while testifying as a witness for plaintiff is challenged. The witness testified on direct examination that he arrived at the scene shortly after the accident occurred; that he made an examination of the physical facts and circumstances; that he looked for skidmarks; that he found skidmarks leading up to the point of the impact; that such skidmarks were made by plaintiff's automobile and were 59 feet in length; that he did not find any skidmarks made by defendant's automobile leading up to the point of the impact; that the only skidmarks he found made by the automobile belonging to the defendant were between the point of the impact and the point where such automobile came to rest; that he went to the scene again later and found skidmarks leading to the point of the impact from the north; that when he was at the scene a few days before the trial certain pictures were taken in his presence; that he then found skidmarks leading up to the point of the impact on the wrong side of the highway as one traveled in going south or toward Sante Fe. On cross examination the witness testified that on the day of the accident, he remained at the scene for approximately two hours; that he examined things care-

fully; that he checked for skidmarks; that he found no skidmarks leading up to the point of the impact from the north, that is from the direction of Las Vegas; that if plain skidmarks as appeared in a picture introduced in evidence had been there at the time of such investigation, he would have seen them; that he saw the skidmarks the following morning; that he did not know who made them or when they were made; and that his third visit to the scene of the accident—the time when the pictures were taken in his presence—was a few days prior to the time of the trial. And in the course of cross examination it developed that the witness had made an official report of the accident in which it was stated in substance that plaintiff's automobile left skidmarks 57 feet in length and that defendant's automobile did not make any skidmarks. On redirect examination, the witness was asked whether at the time he went to the scene approximately two weeks prior to the trial there was a particular part of the highway upon which he stood and could see the skidmarks which still remained. To such question, the court sustained an objection on the ground that the matter was not gone into on cross examination. Thereupon, plaintiff offered to prove by the witness that when he visited the scene of the accident about two weeks prior to the trial as he stood on the north side of the highway and looked south the sun rays obscured the skidmarks which were still discernible on the highway. It is well settled that the scope and extent to which the redirect examination of a witness shall be permitted to go rests largely in the sound judicial discretion of the trial court and its ruling in respect thereto will not be disturbed on appeal unless an abuse of discretion is clearly shown. Dinet v. Rapid City, 8 Cir., 222 F. 497; Itasca Lumber Co. v. Martin, 8 Cir., 230 F. 584; Sylvia v. United States, 6 Cir., 264 F. 593; Mc-Cooe v. Dighton, S. & S. St. Ry. Co., 173 Mass. 117, 53 N.E. 133; Ottenberg v. Ryan & Riley Co., 130 Md. 38, 99 A. 984; Eickmann v. St. Louis Public Service

Co., 363 Mo. 651, 253 S.W.2d 122. In view of the scope and completeness of the testimony of the witness on direct and cross examination in respect to skidmarks, denial of the tendered testimony which was largely cumulative in character did not constitute an abuse of discretion.

 It is urged that the submission to the jury of the issue of contributory negligence constituted reversible error. The argument in support of the contention is that there was no evidence showing contributory negligence and therefore the issue should not have been submitted to the jury. Rule of Civil Procedure 51, 28 U.S.C., provides in presently pertinent part that no party may assign as error the giving of an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. No exceptions were taken to the instructions given by the court, either in respect to contributory negligence or otherwise. Accordingly, no question was preserved for review on appeal concerning the giving of the instruction relating to contributory negligence. Interstate Motor Lines v. Great Western Railway Co., 10 Cir., 161 F.2d 968; Comparet v. United States, 10 Cir., 164 F.2d 452; Nichols v. Barton, 10 Cir., 201 F.2d 110.

 The remaining contention urged for reversal of the judgment is that the court erred in failing to give to the jury an instruction that the evidence disclosed that the defendant was guilty of such gross and wanton negligence that contributory negligence on the part of plaintiff was not a defense to the action. According to a notation in the record, an off-the-record conference between the court and the attorneys was held at the bench immediately after the conclusion of all the evidence, but the statements or requests made in the course of the conference were not incorporated in the record. Following the conference, the court stated that the plaintiff requested an instruction to the general effect that

the evidence in the case disclosed that the defendant was guilty of such gross and wanton negligence that it barred and precluded the submission to the jury of any question of contributory negligence; that the special requested instruction would be denied for the reason that the evidence was not sufficient to warrant the giving of it; and that an instruction would be given on the issue of contributory negligence. So far as pertinent here, Rule of Civil Procedure 51, supra, provides that at the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests, and that no party may assign as error the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict. No requested instruction is in the record before us. At the time of the oral argument of the case, plaintiff was given permission to have the requested instruction certified to this court as a supplemental transcript of the record. But a certificate of the official court reporter makes it clear that no such instruction is in his custody, and a certificate of the clerk makes it equally clear that none is on file. The substance of an affidavit made by one of the attorneys for plaintiff is that the attorneys for plaintiff had prepared in writing a requested instruction; that according to his best recollection he had such instruction in his hand at the time of the discussion at the bench; that he made an oral statement requesting the court to submit an instruction that contributory negligence will be denied as a defense where the act of negligence of a defendant shows reckless, wilful, and wanton disregard of human life and the consequences of his act, and if the jury should find wilful and wanton negligence on the part of the defendant, the defense of contributory negligence should be disregarded; that he did not remember handing the instruction to the court; and that he did not know what happened to it. The clear intent and meaning of the rule requires that in ordinary circumstances one complaining of the refusal of the court to give a requested instruction must show that he submitted to the court the desired instruction in writing. Having failed to submit any requested instruction in writing, and having failed to except to the instructions given, no question concerning the requested instruction is open to review on appeal. Dallas Railway & Terminal Co. v. Sullivan, 5 Cir., 108 F.2d 581; Home Insurance Company of New York v. Tydal Co., 5 Cir., 152 F.2d 309; Sceraty v. Philadelphia Coca-Cola Bottling Co., 3 Cir., 198 F.2d 264; Metropolitan Life Insurance Co. v. Talbot, 5 Cir., 205 F.2d 529; Witt v. Merrill, 4 Cir., 210 F.2d 132; Cf. Baker v. Western Casualty & Surety Co., 164 Kan. 376, 190 P.2d 850; Cf. Lewis v. Texas Employers' Insurance Association, Tex.Civ.App., 197 S.W.2d 187.

The judgment is Affirmed.