**Joseph J. ROSENTHAL**

v.

**WARWICK HOTEL.**

**Civ. A. No. 18829.**

United States District Court
E. D. Pennsylvania.

Aug. 25, 1958.

Benjamin Kuby (of Klovsky & Kuby), Philadelphia, Pa., for plaintiff.

W. Glenn George, Philadelphia Pa., for defendant.

VAN DUSEN, District Judge.

And Now, August 25, 1958, after consideration of plaintiff's Motion for New Trial, the oral argument of both counsel for and against this motion, presented in June 1958, and the briefs of both parties, it is ordered that plaintiff's Motion for New Trial (Document No. 17 in the Clerk's file) is denied.

After a jury verdict for defendant in a personal injury action based on diversity of citizenship, plaintiff complains that the trial judge submitted the issue of contributory negligence to the jury. The trial judge's action in this regard was not reversible error for each of these reasons, among others:

A. Plaintiff made no written (or oral) request prior, to the charge that

the trial judge omit any reference to contributory negligence in the charge, even though written requests for charge were submitted prior to the charge. It was too late to ask orally that the charge be changed on this point after it was completed. See Seeraty v. Philadelphia Coca-Cola Bottling Co., Inc., 3 Cir., 1952, 198 F.2d 264;[1] Churchfield v. Paul Snyder, Inc., D.C.M.D.Pa.1952, 102 F.Supp. 441, 443–444.

B. Plaintiff's written requests for charge, filed prior to the charge, included as paragraph 5 the following request, which clearly contemplated that the trial judge would cover the issue of contributory negligence in his charge and made it necessary for the trial judge to explain what "contributory negligence" was:[2]

> "Under the law, plaintiff was not guilty of contributory negligence in flushing the toilet while still seated."[3]

C. Since plaintiff and his wife had had the sole access to the instrumentality alleged to have caused the claimed injury prior to the time of such injury and had used this instrumentality(N.T. 52), there was evidence from which the jury could have found that the plaintiff was contributorily negligent.

The testimony of Mr. Laverty[4] (a licensed engineer) was admissible and plaintiff's only valid objections to it go to its weight. Cf. Trowbridge v. Abrasive Co. of Philadelphia, 3 Cir., 1951, 190 F.2d 825, 829.

Plaintiff's request for the entry of judgment in his favor on the issue of liability cannot be considered, since he filed no post-trial motion making such a request. The reservation of a decision on a request for a directed verdict does not relieve the proponent of the necessity of filing post-trial motions. Johnson v. New York, New Haven & Hartford R. Co., 1952, 344 U.S. 48, 73 S.Ct. 125, 97 L.Ed. 77.

---

1. In this case, the court said at page 265: "The request was untimely and was not in writing. Rule 51, Federal Rules of Civil Procedure, 28 U.S.C."

2. Cf. Trubin v. Penn Fruit Co., D.C.E.D.Pa.1956, 144 F.Supp. 25, 27 at footnote 6.

3. The trial judge notified counsel prior to the charge that he was going to read this paragraph of plaintiff's requests (N. T. 195) and this paragraph was read to the jury (N. T. 258).

